IN RE WILL OF J. VESTAL JOHNSON.

(Filed 27 April, 1921.)

**Wills—Holograph Wills—Unmailed Letters—Intent to Make a Will.**

> A letter written and signed by the supposed testator must, to constitute his last will and testament, show that it was his intention that the paper itself should operate as a disposition of his property, to take effect after his death; and when the letter propounded is found stamped and addressed in the pocket of the deceased after his death, etc., and refers to a conversation with the addressee as to the making of his will, saying he wanted the addressee to write it and the deceased would pay for it; and after saying how the estate was to be disposed of, that the writer would "be up town as soon as he got able," expresses merely an anticipated testamentary intent, and as a matter of law is not operative as a valid will.

APPEAL by propounders from *Ray, J.,* at November Term, 1921, of GUILFORD.

This is a proceeding for the production and probate of a certain paper-writing as the will of J. Vestal Johnson.

IN RE JOHNSON.

At the hearing his Honor found the following facts, to which all parties agreed:

"1. That J. Vestal Johnson died in the county of Guilford, State of North Carolina, after an illness of one week, on June 17, 1918, possessed of real and personal property.

"2. At the time of his death, and some time prior thereto, he had been renting part of his dwelling to the husband of Mrs. Bettie Brinttle, and the Brinttle family was living in said dwelling-house, the deceased reserving a room for his own occupation.

"3. That some few days after his death Mrs. Bettie Brinttle, while engaged in cleaning up the room formerly occupied by the deceased, found a pasteboard box such as is usually used by clothing merchants in which to deliver clothes when sold to customers. That this pasteboard box was in his room, and he usually kept his suits of clothes therein and same was usually kept in his trunk, and he kept his valuable papers in his trunk. That the said Mrs. Brinttle took his clothes out to air, and from the pocket of one of his coats which he had been wearing there fell a stamped envelope sealed and addressed to 'Mr. Joe Sechrest, High Point, N. C.'

"4. That said envelope with its contents was sent by Mrs. Brinttle to the said Sechrest and opened by the said Sechrest and found by him to contain a letter as follows:

HIGH POINT, N. C., 10 June, 1918.

DEAR JOE:—You knew that we was talking about my will. I want you to write my will for me, and also I want you to bury me in a steel-gray casket and a steel-gray case, which can be locked so water can't get to me, and want you to put nice tombs to my grave. You pay $200 for the tombs. And I want to give little Juanita Franklin $100 and little Pauline Lambeth $100; and I want to give Mrs. Brinttle my home house and lot, and the rest of my property to be equally divided among my people. Joe, you please do this favor for me, and I will pay you what you charge for your trouble. I will be up town as soon as I get able. I don't feel good today. I will close. Joe, you copy this with ink for me. As ever,

Your friend,    , J. VESTAL JOHNSON.

"5. That said paper-writing was not delivered by the decedent to the said Sechrest, to whom it was directed, nor delivered by him to any one, but that it was kept by him from its date, to wit, 10 June, 1918, until his death on 17 June, 1918, and was not out of his possession, although it was sealed and stamped."

All of said paper was in the handwriting of the said Johnson.

His Honor held that said paper was not a will and entered judgment accordingly, and the propounders excepted and appealed.

*E. D. Steele and King, Sapp & King for respondents.*
*L. B. Williams and C. C. Barnhardt for propounder.*

ALLEN, J. No particular form is required for the disposition of property by will, and in the application of this principle it has been held frequently that letters were valid as wills when properly executed. *In re Ledford,* 176 N. C., 612.

It must, however, appear that the paper-writing offered for probate, whatever its form, was written *animo testendi,* by which is meant, not that the maker intended thereafter to make a will on the terms of the paper, but that it was his intention that the paper itself should operate as a disposition of his property, to take effect after his death.

In the *Bennett case,* 180 N. C., 5, the court refused probate of a letter offered as a will because it did not appear that it was the intention then to make a will, and among other things says: "A will may take the form of an assignment, or of a deed, or of a power of attorney, or of a letter, or of a promissory note, or of a deed, or order, etc., say the authorities. It may assume the form of any instrument or be absolutely informal. This principle is well settled and numerous examples of such wills are to be found in the law books and decisions of the courts here and abroad. Gardner on Wills (1st Ed.), pp. 36 to 43. And the courts have gone very far to support such documents as valid wills, but at the same time they have required sufficient certainty and assurance as to the intention to presently, or at the time the particular document comes into existence, make a will, and as to that paper being the very will he intended to make. Gardner, at p. 40, says: 'So a letter written by a testator to a friend, authorizing him to take charge and dispose of the testator's property, and to sell and convey the same as his executor, properly attested, sufficiently evidences the testator's intention to dispose of his property, and may be probated as a will. But a letter, like any other instrument, to take effect as a will, must be executed in compliance with the requirements of a statute, and must express a *genuine* and *not merely an anticipated testamentary intent.'* " And again: "In the case of *In re Estate of C. B. Richardson* (appeal of Nina R. Hardee), 94 Calif., 63, the Court held that a letter, which merely expressed a desire that his sister and her children get everything he owned, but containing words indicating that they should take it by a formal will, or by one he would make, was not testamentary in character, but only the expression of a desire, it clearly not being the intention that the letter should be so construed as to become his last will."

20—181

Following these precedents it must be held that the paper-writing offered for probate is not the will of J. Vestal Johnson, because it shows on its face that it was not the intention of the deceased that the paper should operate as a will but merely that he had in contemplation the preparation of a will by which final disposition of his property should be made.

He says, "I want you to write my will for me," indicating a clear purpose to have a will prepared, and that he was simply outlining the contents of a will.

Again, "I want you to give," etc., which is simply an instruction for the preparation of a will. "I will pay you what you charge for your trouble," which was for the preparation of the will.

There is nothing in the paper to show a present purpose that it should be the final disposition of his property to take effect after his death; and, on the contrary, the whole letter gives indication that he was giving instructions for the preparation of a will, and the fact that he retained the paper instead of mailing it furnishes evidence that he had not fully determined what he would do with his property.

The refusal to submit an issue as to the intention of the deceased was not erroneous, as this intent must be gathered from the letter and the surrounding circumstances, and a finding of the jury contrary to the language used in the letter could not be sustained.

Affirmed.