IN RE WILL OF LOTTIE C. TAYLOR.

(Filed 10 December, 1941.)

**1. Wills § 3—**

    A paper writing cannot be construed as a will unless it discloses the intent of the writer that the paper itself should operate as a disposition of her property to take effect after death.

**2. Same—**

    The paper writing admitted to probate in common form was a letter written by testatrix to her father and sisters in which she expressed her desire that her husband should have her property, stated an intent to execute a will effecting that purpose if she was able to contact a lawyer, and requested them to give him her property in the event she died before making testamentary disposition thereof. *Held:* The paper writing fails to disclose the *animus testandi* necessary to constitute a valid will.

APPEAL by caveators from *Hamilton, Special Judge,* at April Term, 1941, of BLADEN. New trial.

Issue of *devisavit vel non* raised by a caveat to a paper writing propounded as the last will and testament of Lottie C. Taylor.

The clerk of the Superior Court of Bladen County, on application of John F. Taylor, admitted to probate in common form the following paper writing:

IN RE WILL OF TAYLOR.

"ELIZABETHTOWN, N. C.
December 24, 1938
"PAPA AND SISTERS:

"I am I think sane at this minute but how long it will last I dont know. I may do something, but while I can please give John my land. He had to do and be with me so much I feel he should have what I have for he has been a dear good man and husband to me. This will be a surprise to him. If I last til I can see a lawyer I will will it to him but if not I know you all will give it to him for me.

"Love to each of you and thank you for enduring me.
LOTTIE C. TAYLOR."

Thereafter, the sisters of the testatrix appeared and filed a caveat. Thereupon the cause was transferred to the civil issue docket. When the cause came on to be heard in the court below the usual issues were submitted. The court in its charge instructed the jury that if they believed the evidence and found the facts to be as the testimony tended to show they should answer each issue "yes." The jury answered the issues accordingly. From judgment thereon the caveators appealed.

*Oliver Carter and Clark & Clark for caveators, appellants.*
*Varser, McIntyre & Henry for propounder, appellee.*

BARNHILL, J. To constitute a paper writing a last will and testament it must express a genuine present and not merely a future testamentary intent. The character of the instrument and the circumstances under which it was executed must disclose an act of testamentary disposition. *Spencer v. Spencer,* 163 N. C., 83, 79 S. E., 291.

The *animus testandi* required is more than an intent to execute a will. It is the intent to presently devise by the paper writing being then executed and that such writing shall have the full force and effect of a will. *In re Bennett,* 180 N. C., 5, 103 S. E., 917; *In re Johnson,* 181 N. C., 303, 106 S. E., 841. It is not sufficient that the writer express a present intent to thereafter make a will. It must appear from the language used that it was the writer's intent that the paper itself should operate as a disposition of her property to take effect after death. *In re Johnson, supra; In re Bennett, supra; Spencer v. Spencer, supra; In re Estate of C. B. Richardson,* 94 Cal., 63; Gardner on Wills, 1st Ed., pp. 36-43.

"The object of the law is that there may be no doubt as to the intention of the supposed testator to make his last will and testament, and as to the fact of his having done so by the particular writing offered for probate, thereby identifying it as the true and only document defining

his intention to will his estate and his purpose as to how it should be disposed of after his death. The two intentions to make a will and to dispose of his estate in the manner described in the paper writing in question must concur and coexist." *In re Bennett, supra.*

Applying these principles it appears that the paper writing propounded fails to measure up to the requirements of a valid will. Its effect is: (1) to express a desire that her husband shall have her property; (2) an intent to execute a will effecting that purpose if she is able to contact a lawyer; and (3) a request directed to her heirs apparent that they give the property to her husband in the event she dies before making testamentary disposition thereof. No part of the language used is dispository in character. On the contrary, it negatives a present intent to devise. Hence, *In re Bennett, supra,* and *In re Johnson, supra,* are directly in point and are controlling.

The court erred in its instruction to the jury and in not instructing as requested by the caveators.

New trial.