THOMAS C. STEPHENS v. LOIS R. McPHERSON, Admx. cta of the Estate of
Juanita Holford; NORMA HOLFORD DeWOLF; RAY H. HOLFORD; HEN-
RIETTA HOLFORD CARLE; ELIZABETH HOLFORD DATSON; OKIE
HOLFORD GRAHAM; JOHN R. HOLFORD; ROBERT L. HOLFORD; ROGER
E. HOLFORD; CAROLYN HOLFORD KENNEDY; BARBARA HOLFORD
NORMAN; JAMES W. HOLFORD, JR.; DEBBIE HOLFORD MILLER;
BARRY GLENN HOLFORD; and TIMOTHY P. HOLFORD, Minor

No. 8712SC453

(Filed 22 December 1987)

1. Wills § 4.1— holographic will—testamentary intent—sufficiency of evidence

Evidence was sufficient to allow the jury to conclude that a document was
intended by deceased to be her will where it tended to show that she at-
tempted to create a tone of solemnity or formality by addressing it "to whom
it may concern," by noting the precise time and date, by attesting to her own
"sound mind" at the time of its execution, and by introducing her signature
with the word "signed"; the instrument began and concluded with the words
"[t]his is my request" and was structured like a will; deceased used words and
phrases such as "sole closes haires," "drop down from one generation to the
next," and "the rest of my belongings to be equally divided," which, as pro-
pounders pointed out, were "likely to be associated with wills by a lay person";
and the fact that the instrument included a request concerning her own
funeral expenses and language tending to dispose of all of her property was
some evidence that deceased intended the instrument to take effect at the
time of her death.

2. Wills §§ 4, 32— holographic will—"request" and "wish"—words not precatory

There was no merit to a caveator's contention that the words "this is my
request" and "I wish" were precatory, not mandatory, intended merely as an
expression of wishes of the deceased and were thus inadequate to make an ac-
tual disposition of her estate.

3. Wills § 4— holographic will—paper found among valuable papers—sufficiency
of evidence

Evidence that a paper purporting to be a will was found after deceased's
death in a jewelry box containing jewelry which she regularly wore as well as
pictures of her nieces and nephews and evidence that a relative saw deceased
personally retrieve the document from the box, show it to her, and redeposit it
in the box was sufficient to satisfy the requirement of a holographic will that
it be found among the valuable papers and effects of deceased. N.C.G.S.
§ 31-3.4(3).

4. Wills § 4.1— holographic will—evidence of testamentary intent outside
will—admission not prejudicial error

Even if the trial court erred in allowing a witness to testify that, at the
time when deceased showed her the document in question, they were having a
discussion about wills, such error was not prejudicial in view of the ample evi-
dence of testamentary intent within the document itself.

---

**Stephens v. McPherson**

---

APPEAL by plaintiff-caveator from *Stephens, Judge.* Judgment entered 7 November 1986 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 17 November 1987.

*Murray, Regan, and Regan, by Cabell J. Regan for plaintiff-appellant.*

*Harris, Sweeny, and Mitchell, by Ronnie M. Mitchell for defendant-appellees.*

BECTON, Judge.

This appeal concerns the validity and construction of a holographic will. Juanita Holford died 29 June 1984, and a paper writing was filed for probate as her last will on 5 July 1984. The document consists of a single piece of paper with handwriting on both sides and reads as follows:

Date June 14, 1977

To whom it may concern.

This is my request and written by me on the night of June 14, 1977, at 8:55 p.m. I wish for my funeral expenses to amount to about the same I payed on my late husband Charles E. Holford which was approximately $3,800.00, I wish for my farm in Robson County to go to my sole closes haires and to never be sold but drop down from one generation to the next, and I wish the rest of my belongings to be equally divided among Mr. and Mrs. Horace Holford, and their children, except I wish $500.00 held out of Barbara Herman's share because she owes me that amount, I wish that amount to be divided among the rest of the brothers and sisters (over) This is my request and I am in sound mind.

Signed<br>Juanita Holford

On 19 February 1985, Thomas C. Stephens, the deceased's nephew and sole intestate heir, instituted this caveat proceeding, alleging, in part, that the document lacked the requisite testamentary intent and words of disposition to constitute a will and was not found among the valuable papers and effects of the deceased. Upon trial of the case, a jury found the paper writing to be the

valid last will and testament of Juanita Holford. From judgment entered on the verdict, the caveator appeals. We find no error.

I

At trial, the paper writing was introduced, and evidence was presented that it was in the handwriting of the deceased and signed by her. The document was found by Fern Holford in a jewelry box located in a bedroom of the deceased's residence, where she had seen Juanita Holford deposit the document during a visit sometime in 1982. The box also contained approximately 8 to 12 photographs of Juanita Holford's nieces and nephews, numerous gas bill receipts, and costume jewelry which Juanita Holford wore regularly during her lifetime. Fern Holford also found, in a chest of drawers in the same room, other papers of the deceased, including the military papers and death certificate of her late husband, her previous divorce decree, bank statements, and a will by which she had inherited land at her grandfather's death. A drawer in the deceased's own bedroom contained car titles, deeds, and two certificates of deposit as well as bank statements, checks, and income tax forms. Other papers were found in a hall closet.

At the time of her death, Juanita Holford owned two houses in Cumberland County, a farm in Robeson County, and various personal property.

II

The caveator first assigns as error the trial court's failure to grant what was, in effect, a motion for a directed verdict made at the close of the propounders' evidence and renewed at the conclusion of all the evidence, contending that there was insufficient evidence of testamentary intent to submit the case to the jury. He specifically argues that the evidence establishes no intent that the document operate as a will because the writing (1) fails to indicate that the deceased's wishes were to be effectuated upon her death, (2) contains only precatory language and thus fails to make a disposition of property, and (3) was not found among the deceased's "valuable papers and effects" as required by law.

An instrument may not be probated as a testamentary disposition unless there is evidence that it was written with testamentary intent, that is, that the maker intended that the paper itself should operate as a will or codicil, to take effect upon his death.

*In re Mucci's Will*, 287 N.C. 26, 30, 213 S.E. 2d 207, 210 (1975); *In re Johnson's Will*, 181 N.C. 303, 305, 106 S.E. 841, 842 (1921). An intent to make a future testamentary disposition is not sufficient. *Mucci's Will* at 30, 213 S.E. 2d at 210. Further, with regard to holographic instruments, the requisite intent must appear not only from the instrument itself and the circumstances under which it was made, but also from the fact that the instrument was found among the deceased's valuable papers and effects, in a safe place where it was deposited by her, or in the possession of some person with whom the deceased deposited it for safekeeping. *Id.*; N.C. Gen. Stat. Sec. 31-3.4 (1984).

[1]   In our view, the instrument in this case, when considered as a whole, allows the jury to conclude that the document was intended by the deceased to be her will. First, Mrs. Holford obviously attempted to create in the instrument a tone of solemnity or formality by addressing it to "whom it may concern," by noting the precise time and date that the document was written, by attesting to her own "sound mind" at the time of its execution, and by introducing her signature with the word "signed." Next, the instrument begins and concludes with the words "[t]his is my request" and is structured like a will, containing a statement of intent regarding the deceased's funeral arrangements, followed by an apparent specific devise of the Robeson County farm, and concluding with what appears to be a general residuary clause. Further, Mrs. Holford used words and phrases such as "sole closes haires [sic]," "drop down from one generation to the next," and "the rest of my belongings to be equally divided," which, as the propounders point out in their brief, "are likely to be associated with wills by a lay person." Finally, the fact that the instrument includes a request concerning her own funeral expenses and language tending to dispose of *all* of her property is some evidence that the deceased intended the instrument to take effect at the time of her death.

[2]   We further reject the caveator's contention that the words "this is my request" and "I wish" are precatory, not mandatory, are intended merely as an expression of the wishes or desires of the deceased, and are thus inadequate to make an actual disposition of her estate. The caveator correctly argues that precatory words generally do not operate to make a disposition of property, *in the absence of a contrary intention manifested by the testator.*

See Wiggins, Wills and Administration of Estates in North Carolina, Sec. 135 (2d ed. 1983). However, "greater regard is to be given to the dominant purpose of the testator than the use of any particular words," *Moore v. Langston*, 251 N.C. 439, 443, 111 S.E. 2d 627, 630 (1959), and that purpose must be ascertained from the instrument as a whole. In *Brown v. Brown*, 180 N.C. 433, 104 S.E. 889 (1920), the Supreme Court, in holding that the words "I wish" showed sufficient intent of the testator to create a devise of property to her son, stated: "Where the intention is manifest to convey an estate in property upon a devisee, any word may be construed to have that effect which in common parlance would not appear to do so." *Id.* at 435, 104 S.E. at 890.

As previously discussed, there is evidence in the instrument before us that Juanita Holford intended for it to be her will. In the context of the document as a whole, we conclude, therefore, that the words "wish" and "request" could be reasonably interpreted as imperative language of disposition and not merely precatory. For this reason, we hold that the trial court did not err, as the caveator asserts, by submitting the case to the jury and by construing the document to make a disposition of the deceased's property following the jury's determination that it constituted a valid will.

[3] The caveator next argues that there was insufficient evidence from which the jury could find that the purported will was found among the deceased's valuable papers and effects or other safe place, as required by statute, because important documents of the deceased were located at other places in the house and because the actual pecuniary value of the box containing the will and its other contents was small. We disagree.

In *In re Westfeldt's Will*, 188 N.C. 702, 125 S.E. 531 (1924), the Supreme Court discussed in depth the requirement that a holographic will be located among the deceased's "valuable papers and effects" in order to be valid. There the Court recognized:

> Valuable papers and effects mean more than papers that have a pecuniary or money value. Papers that have a sentimental and personal value are sometimes more precious and valuable to men and women than stocks and bonds . . . .

\*     \*     \*

Valuable papers consist of such as are *regarded by a decedent* as worthy of preservation, and therefore, in his estimation, of some value. . . .

*Id.* at 708-09, 125 S.E. at 534. (Emphasis added.) Moreover, "[w]here a person has two or more depositories of his valuable papers and effects, the *finding* in either will suffice. It is not necessary it should be found in that which contains the most valuable papers and effects." (Citations omitted.) *Westfeldt's Will* at 709, 125 S.E. at 534-35. (Emphasis in original.)

The evidence shows Mrs. Holford's will was found after her death in a jewelry box containing jewelry which she regularly wore and which was thus obviously of value to her, as well as pictures of her nephews and nieces, which may have been of significant sentimental value. Moreover, Fern Holford testified to having seen Juanita Holford personally retrieve the document from the box, show it to her, and redeposit it in the box on an occasion in 1982. In our view, this constitutes evidence from which the jury could believe that the writer regarded the paper as valuable and intended to preserve and perpetuate it as a testamentary disposition of her property. *See Westfeldt's Will; In re Will of Williams*, 215 N.C. 259, 1 S.E. 2d 857 (1939). Accordingly, we hold the evidence as to whether the document was found among the valuable papers and effects of the deceased or in a safe place where it was deposited by her, in satisfaction of N.C. Gen. Stat. Sec. 31-3.4(3) was sufficient to support the jury's determination that it was a valid holographic will.

### III

[4] The caveator next contends that the trial court erred by allowing the witness, Fern Holford, to testify that, at the time in 1982 when Juanita Holford showed her the document in question, they were having a discussion about wills. This evidence of a conversation occurring five years after the document's execution, the caveator argues, is not admissible to show testamentary intent, which must appear from the instrument itself, and from the circumstances attendant at the time of execution. *See Spencer v. Spencer*, 163 N.C. 83, 79 S.E. 291 (1913).

Assuming *arguendo* that the evidence was improperly admitted, we conclude that the caveator was not prejudiced thereby in

view of the ample evidence of testamentary intent within the document itself. This assignment of error is overruled.

IV

The caveator's remaining assignment of error is to the trial court's interpretation of the phrase "the rest of my belongings" as a general residuary clause. Having carefully considered the arguments of both the propounders and the caveator, we conclude that this assignment of error is without merit.

For the reasons stated,

We find no error.

Judges PHILLIPS and GREENE concur.