IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-1209

Filed: 6 June 2017

Beaufort County, No. 14 E 117

IN THE MATTER OF THE WILL OF JAMES PAUL ALLEN, Deceased.

Appeal by Caveators from order entered 14 September 2016 by Judge Jeffrey B. Foster in Beaufort County Superior Court. Heard in the Court of Appeals 1 May 2017.

*Ranee Singleton, PLLC, by Ranee Singleton, for propounder-appellee.*

*Lanier, King & Paysour, PLLC, by Jeremy Clayton King and Steven F. Johnson, II, for caveators-appellants.*

ZACHARY, Judge.

Hope Paiyton Robinson and Christian Ann Robinson (the caveators) appeal from an order granting summary judgment in favor of Melvin Ray Woolard (the propounder). On appeal, the caveators argue that the trial court erred by ruling that handwritten notes on a will executed by James Paul Allen (the decedent) constituted a valid holographic codicil to the decedent's will. We conclude that the caveators' argument has merit.

## I. Factual and Procedural Background

On 29 August 2002, the decedent executed a typewritten will drafted by Mr. William Mayo, an attorney who represented the decedent in his legal matters. The

will was executed and sworn to by the decedent and two witnesses, and the parties do not dispute that it meets the requirements of N.C. Gen. Stat. § 31-3.3 (2015) for a properly attested self-proving will. The will included, as relevant to this appeal, the following disposition of the decedent's property:

Article III

I will, devise and bequeath all of my real and personal property of every sort, kind and description, both tangible and intangible, wheresoever located, in fee simple absolute unto, RENA T. ROBINSON of 9096 Hwy 99 N, Pantego, N.C. 27860.

Article IV

In the event, RENA T. ROBINSON, does not survive me, I will and devise a life estate unto, MELVIN RAY WOOLARD, in all real property located in Beaufort, Hyde and Washington Counties with a vested remainder therein unto HOPE PAIYTON ROBINSON and CHRISTIAN ANN ROBINSON, in equal shares, in fee simple absolute, subject to the life estate herein devised unto MELVIN RAY WOOLARD.

Article V

In the event, RENA T. ROBINSON, does not survive me, I will and bequeath, all remaining real and personal property both tangible and intangible, wheresoever located, to include all farming equipment unto my nephew, MELVIN RAY WOOLARD, in fee simple.

The parties do not dispute that the propounder is the decedent's nephew; Melva Marlene Woolard is the propounder's sister and the decedent's niece; Ms.

Robinson was a woman with whom the decedent had a relationship; and the caveators are Ms. Robinson's granddaughters. Article IV of the will includes the only devise benefitting the caveators. This section provides that if Ms. Robinson did not survive the decedent, the propounder would receive a life estate in the decedent's real property located in Beaufort, Hyde, and Washington Counties, with the caveators receiving the remainder interest. Pursuant to Article V of the will, the propounder would also inherit other property in fee simple. The present appeal arises from the parties' dispute over the legal effect, if any, of the following handwritten notation on the will: "Beginning 7-7-03 do not honor Article IV Void Article IV James Paul Allen" (absence of punctuation in original). If the handwritten note were given effect as a holographic codicil, the result would be to disinherit the caveators.

On 8 March 2014, the decedent died in Beaufort County, North Carolina. Ms. Robinson had died at an earlier date. On 13 March 2014, the propounder filed an affidavit for probate of a holographic codicil, using Administrative Office of the Courts (AOC) Form AOC-E-302. On this form Ms. Woolard averred that she had found the will among the decedent's valuable papers or effects, and Mr. May and Ms. Tammy Hodges averred that they were familiar with the decedent's handwriting and believed that the handwritten notes on the will were entirely in the decedent's handwriting.

On 17 March 2014, the will was offered for probate. On 1 October 2015, the caveators filed a caveat to the will, asserting that the handwritten notes on the will

did not constitute a holographic codicil to the will. The caveators asked that the matter be transferred from the office of the Clerk of Court to Beaufort County Superior Court, and sought a judgment "setting aside and declaring as null and void the probate in common form of the purported Holographic Codicil, with an adjudication that the Will is the Last Will and Testament of the Decedent[.]" The propounder filed an amended response to the caveat on 7 October 2015. On 10 March 2016, the Clerk of Court entered an order transferring the matter to Superior Court, and on 8 April 2016, the trial court entered an Order of Alignment.

The propounder filed a motion for summary judgment on 11 August 2016. Following a hearing conducted on 29 August 2016, the trial court entered an order on 14 September 2016, granting summary judgment in favor of the propounder. The caveators noted a timely appeal to this Court.

## II. Standard of Review

"A caveat is an in rem proceeding and operates as 'an attack upon the validity of the instrument purporting to be a will.' " *Matter of Estate of Phillips*, __ N.C. App. __, __, 795 S.E.2d 273, 278 (2016) (quoting *In re Will of Cox*, 254 N.C. 90, 91, 118 S.E.2d 17, 18 (1961)). "[S]ummary judgment may be entered in a caveat proceeding in factually appropriate cases." *In re Will of Mason*, 168 N.C. App. 160, 165, 606 S.E.2d 921, 924 (2005).

Pursuant to N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015), summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (internal quotation omitted). In addition:

> The party moving for summary judgment bears the burden of establishing that there is no triable issue of material fact. This burden may be met by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

*DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (internal quotation and citation omitted).

"[O]nce the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Pacheco v. Rogers & Breece, Inc.*, 157 N.C. App. 445, 448, 579 S.E.2d 505, 507 (2003) (internal quotation omitted).

"The standard of review for summary judgment is *de novo*." *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted). " 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." C*raig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (quoting *In re Appeal of The Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

### III.  Requirements for a Holographic Codicil to a Typewritten Will

"A codicil is a supplement to a will, annexed for the purpose of expressing the testator's after-thought or amended intention."  *Smith v. Mears*, 218 N.C. 193, 197, 10 S.E.2d 659, 661 (1940). "[T]he mere making of a codicil gives rise to the inference of a change in the testator's intention, importing some addition, explanation, or alteration of a prior will." *Armstrong v. Armstrong*, 235 N.C. 733, 735, 71 S.E.2d 119, 121 (1952) (citations omitted).

The statutory requirements for partial revocation or change to a will are found in N.C. Gen. Stat. § 31-5.1 (2015), which states in relevant part that "[a] written will, or any part thereof, may be revoked only (1) [b]y a subsequent written will or codicil or other revocatory writing executed in the manner provided herein for the execution of written wills[.]"  The "manner provided" for the execution of a holographic will is set out in N.C. Gen. Stat. § 31-3.4 (2015), which provides in pertinent part as follows:

      (a)     A holographic will is a will

> (1)    Written entirely in the handwriting of the testator but when all the words appearing on a paper in the handwriting of the testator are sufficient to constitute a valid holographic will, the fact that other words or printed matter appear thereon not in the handwriting of the testator, and not affecting the meaning of the words in such handwriting, shall not affect the validity of the will, and
>
> (2)    Subscribed by the testator . . . and
>
> (3)    Found after the testator's death among the testator's valuable papers or effects[.] . . .

Our Supreme Court has held that in some circumstances "an addenda in the handwriting and over the signature of the testatrix written on the face of the typewritten attested will may be upheld as a holograph codicil thereto." *In re Will of Goodman*, 229 N.C. 444, 445, 50 S.E.2d 34, 35 (1948). However, our appellate jurisprudence has established specific requirements for a valid holographic codicil to a will. N.C. Gen. Stat. § 31-3.4(a)(1) states that "the fact that other words or printed matter appear [in a holographic will] not in the handwriting of the testator, and not affecting the meaning of the words in such handwriting, shall not affect the validity of the will[.]" *Goodman* applied this rule to a holographic codicil to a typewritten will:

> While the derivative and applied meaning of the word holograph indicates an instrument entirely written in the handwriting of the maker, this would not necessarily prevent the probate of a will where other words appear thereon not in such handwriting but not essential to the meaning of the words in such handwriting. <u>But where words not in the handwriting of the testator are essential to give meaning to the words used, the instrument will not be upheld as a holograph will</u>.

- 7 -

*Goodman*, 229 N.C. at 446, 50 S.E.2d at 35 (emphasis added) (citations omitted). In

*Goodman*, the testatrix added and signed the following handwritten words to her

typewritten will: "To my nephew Burns Elkins 50 dollars" . . . "Mrs. Stamey gets one-

half of estate if she keeps me to the end"; and . . . "My diamond ring to be sold if

needed to carry out my will, if not, given to my granddaughter Mary Iris Goodman[.]"

*Goodman* at 444-45, 50 S.E.2d at 34. Because the effect of these additions to the

testatrix's will could be determined without reference to any other part of her will,

our Supreme Court held that the handwritten notes on the testatrix's will constituted

a valid holographic codicil:

> [T]he additional words placed by her on this will written in
> her own handwriting and again signed by her <u>are
> sufficient, standing alone</u>, to constitute a valid holograph
> will; that is, the legacy of $ 50 to Burns Elkins, the devise
> of one-half of her estate to Mrs. Stamey, and the bequest of
> the diamond ring to Mary Iris Goodman are sufficiently
> expressed to constitute a valid disposition of property to
> take effect after death.

*Goodman* at 446, 50 S.E.2d at 36 (emphasis added). However, where the meaning or

effect of holographic notes on a will requires reference to another part of the will, the

holographic notations are not a valid holographic codicil to the will. For example, in

*In re Smith's Will*, 218 N.C. 161, 10 S.E.2d 676 (1940), the decedent's will was "duly

probated as a holographic will[.]" *Smith*, 218 N.C. at 161, 10 S.E.2d at 676.

Thereafter, the decedent's widow submitted for probate "a purported codicil or

supplemental will" that included both typewritten and holographic elements. *Smith* at 162, 10 S.E.2d at 677. Our Supreme Court held that:

> [T]he paper writing presented 6 March, 1939, was improvidently admitted to probate in common form. An examination of the instrument leads us to the conclusion that it was not in form sufficient to be entitled to probate as a holographic will. . . . <u>Words not in the handwriting of the testator are essential to give meaning to the words used</u>.

*Id*. at 163-64, 10 S.E.2d at 677-78 (emphasis added) (citations omitted).

In addition to the requirement discussed above, a codicil, whether typewritten or handwritten, must establish a <u>present</u> testamentary intention of the decedent, and not merely a plan for a possible future alteration to the decedent's will. "An intent to make a future testamentary disposition is not sufficient." *Stephens v. McPherson*, 88 N.C. App. 251, 254, 362 S.E.2d 826, 828 (1987) (citing *In re Will of Mucci*, 287 N.C. 26, 30, 213 S.E.2d 207, 210 (1975)). For example, in *In re Johnson's Will*, 181 N.C. 303, 106 S.E. 841 (1921), the Court held that a letter written by the decedent directing his attorney to "write my will for me" "indicat[ed] a clear purpose to have a will prepared" and "outlin[ed] the contents of a will" but did not show the decedent's present testamentary purpose, instead constituting instructions for the future preparation of a will. *Johnson*, 181 N.C. at 306, 106 S.E.2d at 842.

IV. Discussion

Preliminarily, we note that the parties have advanced arguments concerning the extent to which there is a genuine issue of material fact as to whether the notation on the decedent's will was entirely in the decedent's handwriting. As discussed below, we have concluded that even assuming, *arguendo*, that the notation on the decedent's will was written entirely by him, the note nonetheless does not meet the requirements for a valid holographic codicil. As a result, we find it unnecessary to address the parties' arguments on the legal significance of their respective affidavits on the question of whether the entire notation is in the decedent's handwriting.

The following handwritten notation appears on the margin of the decedent's will: "Beginning 7-7-03 do not honor Article IV Void Article IV James Paul Allen". For two separate reasons, this notation does not meet the requirements for a valid holographic codicil. First, the notation directs that "beginning 7-7-03" Article IV should no longer be honored. The decedent executed the will on 29 August 2002. The record does not indicate whether the decedent added the handwritten note on 7 July 2003 or at an earlier date, in which case it would have been an expression of the decedent's intention to make a <u>future</u> change to his will.

In addition, the words of the handwritten notation are not sufficient, standing alone, to establish their meaning. In order to understand the notation, it is necessary to incorporate or refer to the contents of "Article IV" to which the note refers. As discussed above, our appellate jurisprudence establishes that a holographic codicil is

invalid if "[w]ords not in the handwriting of the testator are essential to give meaning to the words used." *Smith* at 163-64, 10 S.E.2d at 677-78. We conclude that under binding precedent of our Supreme Court, the handwritten notation does not constitute a valid holographic codicil to the will.

In reaching this conclusion, we have carefully considered the cases cited by the caveators. We take judicial notice that one of the cases cited by the caveators, *Jones v. Jones*, 17 N.C. 387 (1833), was decided more than three decades prior to the invention of the typewriter and as a result does not address the requirements for a holographic codicil to a typewritten will. The other cases cited by the caveators state various general principles governing the proper interpretation of wills and codicils. However, these cases do not address or purport to alter the rule that in order to be valid, the meaning of a holographic codicil must not require reference to other words in the typewritten part of the will.

For the reasons discussed above, we conclude that the trial court erred by granting summary judgment for the propounder. Because the record establishes that, as a matter of law, the handwritten notation on the decedent's will is not a valid holographic codicil, the trial court's order must be reversed and remanded for entry of summary judgment in favor of the caveators.

REVERSED AND REMANDED.

Chief Judge McGEE and Judge HUNTER, JR. concur.