IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-281

 Filed: 15 May 2018

Forsyth County, No. 16-E-1168

IN THE MATTER OF THE WILL OF MARGUERITE TRAVERSE HENDRIX, Amy
Hendrix Weber and Maureen Traverse Collins, Petitioners

v.

Janet Martin Tantemsapya, et. al., Respondents.

 Appeal by caveators from order entered 10 October 2016 by Judge Susan E.

Bray in Superior Court, Forsyth County. Heard in the Court of Appeals 6 September

2017.

 The Law Offices of Jason E. Taylor, by Gary W. Jackson and Lawrence B.
 Serbin, for petitioners-caveators-appellants.

 Bell, Davis & Pitt, P.A., by William K. Davis, Alan M. Ruley, and Andrew A.
 Freeman, for respondent-appellees.

 STROUD, Judge.

 The Caveators appeal from the trial court’s order dismissing their will caveat

under North Carolina Rule of Civil Procedure 12(b)(6). Because the alleged codicil

upon which the caveat was based is not a valid holographic codicil on its face, we

affirm.

 I. Background
 IN RE: HENDRIX

 Opinion of the Court

 On 26 July 2016, Amy Hendrix Weber and Maureen Traverse Collins,

caveators, filed a caveat to the will of Marguerite Traverse Hendrix dated 1

September 2011 (“2011 Will”). The Caveators are two of about twelve named

beneficiaries under the 2011 Will. Ms. Hendrix died on 7 June 2016, and her will

entered probate on 24 June 2016. Ms. Weber and Ms. Collins alleged that portions

of the 2011 Will should be set aside because the decedent had executed a holographic

codicil to it on 13 November 2012. The Caveators alleged that the decedent had

revoked some provisions of the 2011 Will and modified others, including removing

Brenner Children’s Hospital as a beneficiary. A copy of the alleged codicil was

attached to the complaint.

 The alleged codicil was a copy of the typewritten 2011 Will with some

handwritten notations and markings through some portions of the typewritten text.

At the top of the first page of the alleged codicil is a handwritten note “UPDATE Nov

13, 2012[,]” and under this a mark which could be the decedent’s initials. After the

date, the handwritten notations are nearly illegible, but we will assume for purposes

of considering the motion to dismiss that they say what the Caveators alleged. The

caveat does not include any allegation regarding when and where the alleged codicil

was found.

 -2-
 IN RE: HENDRIX

 Opinion of the Court

 Brenner Children’s Hospital moved to dismiss under North Carolina Rule of

Civil Procedure 12(b)(6).1 On 10 October 2016, the trial court granted Brenner

Children’s Hospital’s motion to dismiss the caveat with prejudice. The Caveators

appeal.

 II. Motion to Dismiss

 On appeal, the Caveators argue that the trial court erred in dismissing their

caveat under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The

Caveators contend that Rule 12(b)(6) is not applicable to caveat proceedings, but even

if it were, they contend the alleged codicil shows the decedent’s intent and meets the

statutory requirements for a holographic codicil, so they “are entitled to have a jury

hear evidence that the requirements for a valid holographic instrument are satisfied.”

A. Applicability of Rule 12(b)(6) to Caveat

 Caveators argue that a caveat cannot be dismissed because North Carolina

courts have historically required that all caveat issues be tried by a jury. The

Caveators cite several cases stating the general proposition that “‘on the issue raised

by caveat, as provided by the statute, the issue must be tried by a jury and not by the

judge.’ In re Hine’s Will, 228 N.C. 405, 410, 45 S.E.2d 526, 529 (1947)[.]” But the

Rules of Civil Procedure still apply to caveat proceedings. See generally In re Will of

 1 Other named beneficiaries under the 2011 Will also filed responses, including a motion to
dismiss, but the trial court’s order was based upon Brenner Children’s Hospital’s motion and only the
Caveators and Brenner Children’s Hospital have filed briefs on appeal.

 -3-
 IN RE: HENDRIX

 Opinion of the Court

Durham, 206 N.C. App. 67, 76, 698 S.E.2d 112, 120-21 (2010). In Will of Durham,

this Court discussed the applicability of the Rules of Civil Procedure in estate

proceedings at length, noting that the caveator’s argument that the Rules of Civil

Procedure did not apply “is understandable given certain language that appears in

our prior decisions,” but determined that North Carolina Rule of Civil Procedure 11

applied to estate proceedings:

 The North Carolina Rules of Civil Procedure govern
 the procedure in all actions and proceedings of a civil
 nature except when a differing procedure is prescribed by
 statute. The phrase all actions and proceedings of a civil
 nature is inclusive of, but not exclusive to, civil actions; the
 phrase is broad and encompasses different types of legal
 actions, not solely those initiated with a complaint.
 According to N.C. Gen. Stat. § 1–393, the Rules of Civil
 Procedure and the provisions of this Chapter on civil
 procedure are applicable to special proceedings, except as
 otherwise provided. A proceeding for the revocation of
 previously-issued letters testamentary initiated pursuant
 to N.C. Gen. Stat. § 28A–9–1 constitutes a special
 proceeding. As a result, an estate proceeding is a
 proceeding of a civil nature in which a Superior Court
 Judge has the authority to impose sanctions pursuant to
 N.C. Gen. Stat. § 1A–1, Rule 11.

206 N.C. App. at 76-77, 698 S.E.2d at 120–21 (citations, quotation marks, ellipses,

and brackets omitted).

 Although Durham specifically addressed Rule 11, see id., and not Rule 12,

other cases have applied other Rules of Civil Procedure to estate proceedings,

including dismissal by summary judgment under Rule 56 and directed verdict under

 -4-
 IN RE: HENDRIX

 Opinion of the Court

Rule 50. See, e.g., Matter of Will of Allen, ___ N.C. App. ___, 801 S.E.2d 380 (2017),

disc. review allowed, ___ N.C. ___, ___ S.E.2d ___ (2018) ; see also In re Will of Mason,

168 N.C. App. 160, 165-66, 606 S.E.2d 921, 924-25 (2005) (noting that a caveat may

be addressed by summary judgment and directed verdict). Dismissal upon summary

judgment or directed verdict is also a disposition without a jury trial, so there is no

absolute requirement for a jury trial in a will caveat. See generally id. Will of Allen,

explained, “A caveat is an in rem proceeding and operates as an attack upon the

validity of the instrument purporting to be a will. Summary judgment may be entered

in a caveat proceeding in factually appropriate cases.” Will of Allen, ____ N.C. App.

at ___, 801 S.E.2d at 383 (citations, quotation marks, and brackets omitted). We

therefore conclude that Rule 12(b)(6) applies to caveat proceedings just as it does to

other civil proceedings.

B. Sufficiency of Caveat

 The standard of review of an order granting a
 12(b)(6) motion is whether the [caveat] states a claim for
 which relief can be granted under some legal theory when
 the [caveat] is liberally construed and all the allegations
 included therein are taken as true. . . . On appeal of a
 12(b)(6) motion to dismiss, this Court conducts a de novo
 review of the pleadings to determine their legal sufficiency
 and to determine whether the trial court’s ruling on the
 motion to dismiss was correct.

Burgin v. Owen, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428–29 (2007) (citations and

quotation marks omitted).

 -5-
 IN RE: HENDRIX

 Opinion of the Court

 The Caveators argue that they “expect that Appellees will contest the 2012

Codicil on the grounds that the instrument is not entirely in Decedent’s handwriting

and that those portions which are type-written are essential to discern the meaning

of the handwritten words.” And appellee does make exactly this argument. The

alleged holographic codicil is decedent’s 2011 Will with some handwritten notations.

The Caveators claim that the notations clearly show the decedent’s intent so they

should be given effect, even if they must be read in conjunction with the typewritten

document to have any meaning, claiming that appellee’s argument is based “upon a

hyper-technical interpretation of the applicable statute.” Perhaps appellee’s

argument is “hyper-technical[,]” but it is also the law as set forth by both this Court

and our Supreme Court. See Will of Allen, ___ N.C. App. at ___, 801 S.E.2d at 383–

85.

 Will of Allen also addressed handwritten notations on a typewritten will which

the decedent had previously executed, and this Court summarized the “Requirements

for a Holographic Codicil to a Typewritten Will”:

 A codicil is a supplement to a will, annexed for the
 purpose of expressing the testator’s after-thought or
 amended intention. The mere making of a codicil gives rise
 to the inference of a change in the testator’s intention,
 importing some addition, explanation, or alteration of a
 prior will.
 The statutory requirements for partial revocation or
 change to a will are found in N.C. Gen. Stat. § 31-5.1 (2015),
 which states in relevant part that a written will, or any
 part thereof, may be revoked only (1) by a subsequent

 -6-
 IN RE: HENDRIX

 Opinion of the Court

written will or codicil or other revocatory writing executed
in the manner provided herein for the execution of written
wills. The manner provided for the execution of a
holographic will is set out in N.C. Gen. Stat. § 31-3.4 (2015),
which provides in pertinent part as follows:
 (a) A holographic will is a will
 (1) Written entirely in the handwriting of
 the testator but when all the words appearing on a
 paper in the handwriting of the testator are
 sufficient to constitute a valid holographic will, the
 fact that other words or printed matter appear
 thereon not in the handwriting of the testator, and
 not affecting the meaning of the words in such
 handwriting, shall not affect the validity of the will,
 and
 (2) Subscribed by the testator and
 (3) Found after the testator’s death among
 the testator’s valuable papers or effects.
 Our Supreme Court has held that in some
circumstances an addenda in the handwriting and over the
signature of the testatrix written on the face of the
typewritten attested will may be upheld as a holograph
codicil thereto. However, our appellate jurisprudence has
established specific requirements for a valid holographic
codicil to a will. N.C. Gen. Stat. § 31-3.4(a)(1) states that
the fact that other words or printed matter appear in a
holographic will not in the handwriting of the testator, and
not affecting the meaning of the words in such
handwriting, shall not affect the validity of the will.
Goodman applied this rule to a holographic codicil to a
typewritten will:
 While the derivative and applied meaning of
 the word holograph indicates an instrument
 entirely written in the handwriting of the
 maker, this would not necessarily prevent the
 probate of a will where other words appear
 thereon not in such handwriting but not
 essential to the meaning of the words in such
 handwriting. But where words not in the
 handwriting of the testator are essential to

 -7-
 IN RE: HENDRIX

 Opinion of the Court

 give meaning to the words used, the
 instrument will not be upheld as a holograph
 will.
In Goodman, the testatrix added and signed the following
handwritten words to her typewritten will: “To my nephew
Burns Elkins 50 dollars” “Mrs. Stamey gets one-half of
estate if she keeps me to the end”; and “My diamond ring
to be sold if needed to carry out my will, if not, given to my
granddaughter Mary Iris Goodman.” Because the effect of
these additions to the testatrix’s will could be determined
without reference to any other part of her will, our
Supreme Court held that the handwritten notes on the
testatrix’s will constituted a valid holographic codicil:
 The additional words placed by her on this
 will written in her own handwriting and
 again signed by her are sufficient, standing
 alone, to constitute a valid holograph will;
 that is, the legacy of $ 50 to Burns Elkins, the
 devise of one-half of her estate to Mrs.
 Stamey, and the bequest of the diamond ring
 to Mary Iris Goodman are sufficiently
 expressed to constitute a valid disposition of
 property to take effect after death.
However, where the meaning or effect of holographic notes
on a will requires reference to another part of the will, the
holographic notations are not a valid holographic codicil to
the will. For example, in In re Smith’s Will, 218 N.C. 161,
10 S.E.2d 676 (1940), the decedent’s will was duly probated
as a holographic will. Thereafter, the decedent’s widow
submitted for probate a purported codicil or supplemental
will that included both typewritten and holographic
elements. Our Supreme Court held that:
 The paper writing presented 6 March,
 1939, was improvidently admitted to probate
 in common form. An examination of the
 instrument leads us to the conclusion that it
 was not in form sufficient to be entitled to
 probate as a holographic will. Words not in
 the handwriting of the testator are essential
 to give meaning to the words used.

 -8-
 IN RE: HENDRIX

 Opinion of the Court

Id. (emphasis in original) (citations, quotation marks, ellipses, and brackets omitted).

In Will of Allen, this Court ultimately determined,

 the words of the handwritten notation are not sufficient,
 standing alone, to establish their meaning. In order to
 understand the notation, it is necessary to incorporate or
 refer to the contents of Article IV to which the note refers.
 As discussed above, our appellate jurisprudence
 establishes that a holographic codicil is invalid if words not
 in the handwriting of the testator are essential to give
 meaning to the words used. We conclude that under
 binding precedent of our Supreme Court, the handwritten
 notation does not constitute a valid holographic codicil to
 the will.

Id. at ___, 801 S.E.2d at 385 (citation, quotation marks, and brackets omitted).

 Here, the handwritten notations are almost entirely illegible, but for purposes

of Rule 12(b)(6) review, we have assumed they say what the Caveators allege. See

Burgin, 181 N.C. App. at 512, 640 S.E.2d at 428–29. But even if we make this

assumption as to the content of the notations, the handwritten notations are still not

sufficient, standing alone, to establish their meaning. The notations must be read

along with the typewritten provisions of the 2011 Will to have any meaning.

Accordingly,

 our appellate jurisprudence establishes that a holographic
 codicil is invalid if words not in the handwriting of the
 testator are essential to give meaning to the words used.
 We conclude that under binding precedent of our Supreme
 Court, the handwritten notation does not constitute a valid
 holographic codicil to the will.

 -9-
 IN RE: HENDRIX

 Opinion of the Court

Id.

 Appellee alleges four other reasons the alleged caveat was properly dismissed,

including the lack of any allegation of where the codicil was found and a lack of a

subscription by the testator, both requirements under North Carolina General

Statute § 31-3.4 (2015) for a valid holographic will, but we need not address those

arguments since we have already determined that the caveat fails to state a valid

claim because the handwritten notations have no meaning apart from the typewritten

provisions of the 2011 Will. See N.C. Gen. Stat. § 31-3.4; see also Will of Allen, ___

N.C. App. at ___, 801 S.E.2d at 383-385. Because the handwritten notations on the

alleged holographic codicil are not sufficient standing alone to “give meaning to the

words used” id., ___ N.C. App. at ___, 801 S.E.2d at 384, the caveat fails to state “a

claim for which relief can be granted[,]” Burgin, 181 N.C. App. at 512, 640 S.E.2d at

428, and we affirm the trial court’s order.

 III. Conclusion

 Because the alleged holographic codicil failed to meet the requirements of

North Carolina General Statute § 31-3.4, the caveat was properly dismissed, and we

affirm the trial court’s order.

 AFFIRMED.

 Judges ELMORE and TYSON concur.

 - 10 -