STROUD, Judge.
*466 The Caveators appeal from the trial court's order dismissing their will caveat under North Carolina Rule of Civil Procedure 12(b)(6). Because the alleged codicil upon which the caveat was based is not a valid holographic codicil on its face, we affirm.
I. Background
On 26 July 2016, Amy Hendrix Weber and Maureen Traverse Collins, caveators, filed a caveat to the will of Marguerite Traverse Hendrix dated 1 September 2011 ("2011 Will"). The Caveators are two of about twelve named beneficiaries under the 2011 Will. Ms. Hendrix died on 7 June 2016, and her will entered probate on 24 June 2016. Ms. Weber and Ms. Collins alleged that portions of the 2011 Will should be set aside because the decedent had executed a holographic codicil to it on 13 November 2012. The Caveators alleged that the decedent had revoked some provisions of the 2011 Will and modified others, including removing Brenner Children's Hospital as a beneficiary. A copy of the alleged codicil was attached to the complaint.
The alleged codicil was a copy of the typewritten 2011 Will with some handwritten notations and markings through some portions of the typewritten text. At the top of the first page of the alleged codicil is a handwritten note "UPDATE Nov 13, 2012[,]" and under this a mark which could be the decedent's initials. After the date, the handwritten notations are nearly illegible, but we will assume for purposes of considering the motion to dismiss that they say what the Caveators alleged. The caveat does not include any allegation regarding when and where the alleged codicil was found.
Brenner Children's Hospital moved to dismiss under North Carolina Rule of Civil Procedure 12(b)(6).[1] On 10 October 2016, the *33 trial court *467 granted Brenner Children's Hospital's motion to dismiss the caveat with prejudice. The Caveators appeal.
II. Motion to Dismiss
On appeal, the Caveators argue that the trial court erred in dismissing their caveat under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The Caveators contend that Rule 12(b)(6) is not applicable to caveat proceedings, but even if it were, they contend the alleged codicil shows the decedent's intent and meets the statutory requirements for a holographic codicil, so they "are entitled to have a jury hear evidence that the requirements for a valid holographic instrument are satisfied."
A. Applicability of Rule 12(b)(6) to Caveat
Caveators argue that a caveat cannot be dismissed because North Carolina courts have historically required that all caveat issues be tried by a jury. The Caveators cite several cases stating the general proposition that " 'on the issue raised by caveat, as provided by the statute, the issue must be tried by a jury and not by the judge.' In re Hine's Will , 228 N.C. 405, 410, 45 S.E.2d 526, 529 (1947) [.]" But the Rules of Civil Procedure still apply to caveat proceedings. See generally In re Will of Durham , 206 N.C. App. 67, 76, 698 S.E.2d 112, 120-21 (2010). In Will of Durham , this Court discussed the applicability of the Rules of Civil Procedure in estate proceedings at length, noting that the caveator's argument that the Rules of Civil Procedure did not apply "is understandable given certain language that appears in our prior decisions," but determined that North Carolina Rule of Civil Procedure 11 applied to estate proceedings:
The North Carolina Rules of Civil Procedure govern the procedure in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute. The phrase all actions and proceedings of a civil nature is inclusive of, but not exclusive to, civil actions; the phrase is broad and encompasses different types of legal actions, not solely those initiated with a complaint. According to N.C. Gen. Stat. § 1-393, the Rules of Civil Procedure and the provisions of this Chapter on civil procedure are applicable to special proceedings, except as otherwise provided. A proceeding for the revocation of previously-issued letters testamentary initiated pursuant to N.C. Gen. Stat. § 28A-9-1 constitutes *468 a special proceeding. As a result, an estate proceeding is a proceeding of a civil nature in which a Superior Court Judge has the authority to impose sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11.
206 N.C. App. at 76-77, 698 S.E.2d at 120-21 (citations, quotation marks, ellipses, and brackets omitted).
Although Durham specifically addressed Rule 11, see id. , and not Rule 12, other cases have applied other Rules of Civil Procedure to estate proceedings, including dismissal by summary judgment under Rule 56 and directed verdict under Rule 50. See, e.g. , Matter of Will of Allen , --- N.C. App. ----, 801 S.E.2d 380 (2017), disc. review allowed , 370 N.C. 693, 811 S.E.2d 158 (2018) ; see also In re Will of Mason , 168 N.C. App. 160, 165-66, 606 S.E.2d 921, 924-25 (2005) (noting that a caveat may be addressed by summary judgment and directed verdict). Dismissal upon summary judgment or directed verdict is also a disposition without a jury trial, so there is no absolute requirement for a jury trial in a will caveat. See generally id. Will of Allen , explained, "A caveat is an in rem proceeding and operates as an attack upon the validity of the instrument purporting to be a will. Summary judgment may be entered in a caveat proceeding in factually appropriate cases." Will of Allen , --- N.C. App. at ----, 801 S.E.2d at 383 (citations, quotation marks, and brackets omitted). We therefore conclude that Rule 12(b)(6) applies to caveat proceedings just as it does to other civil proceedings.
B. Sufficiency of Caveat
The standard of review of an order granting a 12(b)(6) motion is whether the [caveat] states a claim for which relief can *34 be granted under some legal theory when the [caveat] is liberally construed and all the allegations included therein are taken as true.... On appeal of a 12(b)(6) motion to dismiss, this Court conducts a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.
Burgin v. Owen , 181 N.C. App. 511, 512, 640 S.E.2d 427, 428-29 (2007) (citations and quotation marks omitted).
The Caveators argue that they "expect that Appellees will contest the 2012 Codicil on the grounds that the instrument is not entirely in Decedent's handwriting and that those portions which are type-written are essential to discern the meaning of the handwritten words." And *469 appellee does make exactly this argument. The alleged holographic codicil is decedent's 2011 Will with some handwritten notations. The Caveators claim that the notations clearly show the decedent's intent so they should be given effect, even if they must be read in conjunction with the typewritten document to have any meaning, claiming that appellee's argument is based "upon a hyper-technical interpretation of the applicable statute." Perhaps appellee's argument is "hyper-technical[,]" but it is also the law as set forth by both this Court and our Supreme Court. See Will of Allen , --- N.C. App. at ----, 801 S.E.2d at 383-85.
Will of Allen also addressed handwritten notations on a typewritten will which the decedent had previously executed, and this Court summarized the "Requirements for a Holographic Codicil to a Typewritten Will":
A codicil is a supplement to a will, annexed for the purpose of expressing the testator's after-thought or amended intention. The mere making of a codicil gives rise to the inference of a change in the testator's intention, importing some addition, explanation, or alteration of a prior will.
The statutory requirements for partial revocation or change to a will are found in N.C. Gen. Stat. § 31-5.1 (2015), which states in relevant part that a written will, or any part thereof, may be revoked only (1) by a subsequent written will or codicil or other revocatory writing executed in the manner provided herein for the execution of written wills. The manner provided for the execution of a holographic will is set out in N.C. Gen. Stat. § 31-3.4 (2015), which provides in pertinent part as follows:
(a) A holographic will is a will
(1) Written entirely in the handwriting of the testator but when all the words appearing on a paper in the handwriting of the testator are sufficient to constitute a valid holographic will, the fact that other words or printed matter appear thereon not in the handwriting of the testator, and not affecting the meaning of the words in such handwriting, shall not affect the validity of the will, and
(2) Subscribed by the testator and
(3) Found after the testator's death among the testator's valuable papers or effects.
*470 Our Supreme Court has held that in some circumstances an addenda in the handwriting and over the signature of the testatrix written on the face of the typewritten attested will may be upheld as a holograph codicil thereto. However, our appellate jurisprudence has established specific requirements for a valid holographic codicil to a will. N.C. Gen. Stat. § 31-3.4(a)(1) states that the fact that other words or printed matter appear in a holographic will not in the handwriting of the testator, and not affecting the meaning of the words in such handwriting, shall not affect the validity of the will. Goodman applied this rule to a holographic codicil to a typewritten will:
While the derivative and applied meaning of the word holograph indicates an instrument entirely written in the handwriting of the maker, this would not necessarily prevent the probate of a will where other words appear thereon not in such handwriting but not essential to the meaning of the words in such handwriting. But where words not in the handwriting of the testator are essential to give meaning to the words used, the *35 instrument will not be upheld as a holograph will.
In Goodman , the testatrix added and signed the following handwritten words to her typewritten will: "To my nephew Burns Elkins 50 dollars" "Mrs. Stamey gets one-half of estate if she keeps me to the end"; and "My diamond ring to be sold if needed to carry out my will, if not, given to my granddaughter Mary Iris Goodman." Because the effect of these additions to the testatrix's will could be determined without reference to any other part of her will, our Supreme Court held that the handwritten notes on the testatrix's will constituted a valid holographic codicil:
The additional words placed by her on this will written in her own handwriting and again signed by her are sufficient, standing alone, to constitute a valid holograph will; that is, the legacy of $ 50 to Burns Elkins, the devise of one-half of her estate to Mrs. Stamey, and the bequest of the diamond ring to Mary Iris Goodman are sufficiently expressed to constitute a valid disposition of property to take effect after death.
*471 However, where the meaning or effect of holographic notes on a will requires reference to another part of the will, the holographic notations are not a valid holographic codicil to the will. For example, in In re Smith's Will , 218 N.C. 161, 10 S.E.2d 676 (1940), the decedent's will was duly probated as a holographic will. Thereafter, the decedent's widow submitted for probate a purported codicil or supplemental will that included both typewritten and holographic elements. Our Supreme Court held that:
The paper writing presented 6 March, 1939, was improvidently admitted to probate in common form. An examination of the instrument leads us to the conclusion that it was not in form sufficient to be entitled to probate as a holographic will. Words not in the handwriting of the testator are essential to give meaning to the words used.
Id. (emphasis in original) (citations, quotation marks, ellipses, and brackets omitted). In Will of Allen , this Court ultimately determined,
the words of the handwritten notation are not sufficient, standing alone, to establish their meaning. In order to understand the notation, it is necessary to incorporate or refer to the contents of Article IV to which the note refers. As discussed above, our appellate jurisprudence establishes that a holographic codicil is invalid if words not in the handwriting of the testator are essential to give meaning to the words used. We conclude that under binding precedent of our Supreme Court, the handwritten notation does not constitute a valid holographic codicil to the will.
Id. at ----, 801 S.E.2d at 385 (citation, quotation marks, and brackets omitted).
Here, the handwritten notations are almost entirely illegible, but for purposes of Rule 12(b)(6) review, we have assumed they say what the Caveators allege. See Burgin , 181 N.C. App. at 512, 640 S.E.2d at 428-29. But even if we make this assumption as to the content of the notations, the handwritten notations are still not sufficient, standing alone, to establish their meaning. The notations must be read along with the typewritten provisions of the 2011 Will to have any meaning. Accordingly,
our appellate jurisprudence establishes that a holographic codicil is invalid if words not in the handwriting of the testator are essential to give meaning to the words used. We *472 conclude that under binding precedent of our Supreme Court, the handwritten notation does not constitute a valid holographic codicil to the will.
Id.
Appellee alleges four other reasons the alleged caveat was properly dismissed, including the lack of any allegation of where the codicil was found and a lack of a subscription by the testator, both requirements under North Carolina General Statute § 31-3.4 (2015) for a valid holographic will, but we need not address those arguments since we have already determined that the caveat fails to state a valid claim because the handwritten notations have no meaning apart from the typewritten provisions of the 2011 Will. See N.C. Gen. Stat. § 31-3.4 ; see also *36 Will of Allen , --- N.C. App. at ----, 801 S.E.2d at 383-385. Because the handwritten notations on the alleged holographic codicil are not sufficient standing alone to "give meaning to the words used" id. , --- N.C. App. at ----, 801 S.E.2d at 384, the caveat fails to state "a claim for which relief can be granted[,]" Burgin , 181 N.C. App. at 512, 640 S.E.2d at 428, and we affirm the trial court's order.
III. Conclusion
Because the alleged holographic codicil failed to meet the requirements of North Carolina General Statute § 31-3.4, the caveat was properly dismissed, and we affirm the trial court's order.
AFFIRMED.
Judges ELMORE and TYSON concur.

Other named beneficiaries under the 2011 Will also filed responses, including a motion to dismiss, but the trial court's order was based upon Brenner Children's Hospital's motion and only the Caveators and Brenner Children's Hospital have filed briefs on appeal.