No. 11,396.

ESTATE OF HURLEY.

LENAHAN *v*. WHITE, ADMINISTRATRIX.

Decided April 19, 1926.

Will contest. Will admitted to probate.

### *Affirmed.*

1. WILLS—*Proof.* A full attestation clause reciting compliance with all formalities of execution and signed by the witnesses is prima facie evidence of the validity of the will, although the witness' memory is faulty or he contradicts the facts stated in the clause.

2. APPEAL AND ERROR—*Sufficiency of Evidence—Wills.* Evidence in a will contest case reviewed and held sufficient to support a judgment admitting the will to probate.

*Error to the District Court of the City and County of Denver, Hon. L. C. Stephenson, Judge.*

Mr. SIMON J. HELLER, Mr. JOHN H. REDDIN, for plaintiff in error.

Mr. CHARLES E. FRIEND, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is a will contest. The alleged last will and testament of John Hurley, deceased, was admitted to probate in the county court, after a trial upon a caveat. Upon appeal and a trial de novo in the district court, the will was again admitted to probate. The caveatrix brings the cause here for review.

The plaintiff in error, in her opening brief, argues but one question, namely: Was the will signed by the testator in the presence of the two attesting witnesses? The will is dated December 7, 1920. It purports to be signed by the testator, John Hurley, with his mark witnessed by Mary Seach and Mitchell Bernick. The attestation clause is in due form, signed by Mary Seach and Mitchell Bernick. The will contains a revoking clause, and while there is some controversy as to whether *Twilley v. Durkee,* 72 Colo. 444, 211 Pac. 668, is applicable, the point is immaterial because, as we hereinafter find, the evidence is sufficient to support a finding that the will was executed in accordance with section 7072, R. S. 1908, that is, that it was, as that section provides, "signed by the testator in the presence of two or more witnesses, and by them attested in his presence." It is the theory of plaintiff in error that section 7072, R. S. 1908 applies, and we will assume that she is right.

In contending that the evidence is insufficient to show that the testator signed in the presence of the two attesting witnesses, plaintiff in error cites certain parts of the evidence which show that the attesting witnesses do not remember certain details. For example, the witness Bernick was asked: "And you certified there (referring to the attestation clause) that it was signed by John Hurley in your presence, was that false?" He answered: "I don't know." The witness Seach testified that she does not remember whether Hurley signed the will.

"A full attestation clause reciting compliance with all formalities of execution and signed by the witnesses is prima facie evidence of the validity of the will, although the witness' memory is faulty, or he contradicts the facts stated in the clause, or where he is dead." 40 Cyc. 1304.

In the instant case we have a full attestation clause. Its recital that the testator signed in the presence of both witnesses is not contradicted by any evidence. The attestation clause itself is evidence of the validity of the will in this case.

In *Estate of Carey,* 56 Colo. 77, 136 Pac. 1175, 51 L. R. A. (N. S.) 927, Ann. Cas. 1915B, 951, it was held that where owing to the failure of the memory of the subscribing witnesses it is impossible to obtain direct testimony that the testator's signature was upon the paper when the witnesses subscribed it, circumstances may be resorted to. The witness Seach also testified: "Q. And at that time (meaning when she signed) had Mr. Hurley made his cross? A. I believe he had, because I remember him with pen in hand." She also testified that she signed the will in Bernick's presence. The above is circumstantial evidence that the testator signed the will in the presence of both witnesses. There is no evidence that there could have been any other purpose for the testator's holding a pen in hand than to make his mark to the will.

There is other evidence that could be discussed, and there are other authorities that could be cited, including *Butcher v. Butcher,* 21 Colo. App. 416, 122 Pac. 397, to uphold the sufficiency of the evidence, but no useful purpose would be subserved by lengthening this opinion. The evidence is sufficient to support the judgment, and the same is therefore affirmed.

MR. JUSTICE WHITFORD and MR. JUSTICE DENISON concur.