## No. 13,065.

AQUILINI ET AL. *v.* CHAMBLIN.

(30 P. [2d] 325)

Decided February 26, 1934.

Mr. S. HARRISON WHITE, for plaintiff in error.

Messrs. LANGDON & BARBRICK, Mr. H. P. VORIES, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

IN a will contest judgment went against the contestants. They seek a reversal of the judgment.

On November 13, 1929, Joe Aquilini, a resident of Pueblo, made a will in which Clifton Chamblin, the defendant in error, was named as sole legatee and executor. On December 12, 1929, the testator died, possessed of a sum of money. Chamblin presented the will to the Pueblo county court for probate, his petition stating that the testator left no heirs ''as your petitioner is advised.'' Notice to unknown heirs was published, and on January 20, 1930, the will was admitted to probate. Chamblin qualified as executor. On October 1, 1930, Vincent Massari, one of the plaintiffs in error, acting under a power of attorney executed in Italy by the other plaintiffs in error, petitioned the county court in their behalf to set aside the probate of the will, to have the will declared void, and to have Massari appointed administrator. The petition charged that the testator was mentally incapable of making a will, and that his signature to the instrument purporting to be his will was obtained by undue influence and false representations; all of which was denied by Chamblin. After hearing the evidence, the court denied the petition. The case was taken to the district court, where the petitioners were nonsuited. A new trial was granted. At the second trial the jury found that the writing purporting to be the last will and testament of Aquilini was his last will and testament. A motion for a new trial was filed by the petitioners and overruled, and judgment dismissing the petition was rendered.

1. H. P. Vories drew the will at the testator's request and was paid for his service by the testator. Vories attested the will as a witness and testified to the execution of the will. He had acted as Chamblin's attorney in some matters. It is objected that he was not a competent witness to prove the will; or, if he was not incompetent, that his participation in the trial as Chamblin's counsel was prejudicial error. We cannot sustain either objection. There is nothing in the record to show that Vories was not competent as a witness, and although he appeared of record as one of the attorneys for Chamblin at the trial, he left the active conduct of the trial to his cocounsel. His credibility, not his competency, was involved, and that was for the consideration of the jury.

2. Counsel for the plaintiffs in error contends that there was no evidence that the testator declared that the writing was his last will and testament, as required by section 5187 of the Compiled Laws, as amended in 1923 (S. L. 1923, p. 709, c. 194). It is not necessary for testators to use the very words of the statute, and they seldom do. If the testator, by word or deed, clearly indicates that the instrument is his last will and testament, it is sufficient. "Any communication of a testator's intent to give effect to a paper as his will, whether by word, sign, motions, or conduct, is sufficient to constitute publication." 28 R. C. L., p. 122, §75; *Wehrkamp v. Burnett*, 82 Colo. 5, 256 Pac. 630. The will was drawn at the request of the testator, who stated what disposition he wished to make of his property. It was read over to him in English (he understood English) by Vories and in Italian by Dr. Nicoletti. They also read to him the concluding paragraph of the will, reciting, "I do hereby declare this to be my last will and testament," and the attestation clause wherein the witnesses, Nicoletti and Vories, certify that the instrument "was declared by the testator, Joe Aquilini, to be his last will and testament." The testator said in English that he understood, and asked them to sign as witnesses to his will. That con-

stituted a publication of the will in compliance with section 5187, supra. *Wehrkamp v. Burnett, supra.*

In *Lenahan v. White,* 79 Colo. 347, 245 Pac. 711, we held that a full attestation clause reciting compliance with all formalities of execution and signed by the witnesses—such is the attestation clause before us—is prima facie evidence of the validity of the will, and that this is so although the witness' memory is faulty or he contradicts the facts stated in the clause; citing 40 Cyc. 1304. And see *Wehrkamp v. Burnett, supra; Butcher v. Butcher,* 21 Colo. App. 416, 122 Pac. 397. In the case at bar there was no evidence contradicting any of the statements in the attestation clause.

This contention of counsel is without merit.

3. Another contention is that the execution of the will was induced by coercion, undue influence and deceit, and that its admission to probate was the result of fraud practiced upon the county court. The county court once and the district court twice found adversely to this contention; and after an examination of the record, we are satisfied that the charges were unsupported by the evidence.

4. Instruction No. 9 given by the court is as follows:

"The Court instructs the jury that it is not your province to determine whether a will is a just, wise and proper disposition of the testator's property. It is only your province to determine whether or not the will presented is in fact the will of the testator; that is, that the paper presented purporting to be the will, was executed at a time when his mind had sufficient capacity to know and understand what disposition he wished to make of his property and upon whom he wished to bestow the same and was not under the constraint of undue influence whereby he was not acting as free agent in the making of his will.

"The testator was under no legal obligations to divide his property among his relatives. The very right to make

a will implies and presupposes the making of a will and a disposition of his property in a manner different from that provided by law."

The concluding paragraph is objected to strenuously. The objection is without merit. Identically the same instruction was approved in *Davis v. Davis*, 64 Colo. 62, 170 Pac. 208.

█ 5. Instruction No. 7 given by the court reads: "The Court instructs the jury that influence gained by reason of love and affection, kindness and appeals to feeling is not undue influence."

It is objected that there was no evidence upon which to base that instruction. Upon examining the record, we find ample evidence to justify the giving of the instruction.

█ 6. The court instructed the jury that the burden of proof rested upon the contestants. It is contended that it was error to give that instruction; that the jury should have been instructed that the burden of proof was on Chamblin. We cannot sustain the contention. The instruction given was in conformity with our holding in *In re Estate of Hayes*, 55 Colo. 340, 135 Pac. 449. Notwithstanding counsel's vigorous attack upon that decision, we adhere to it as correctly stating the law. The reasons given for the decision seem to us to be more persuasive than those advanced by counsel for overruling it. The decision was rendered more than twenty years ago; it has been followed consistently by the trial courts of this state; and its correctness never has been challenged in this court except on this occasion. During the past twenty years the decision has lost none of its force as a precedent. In a note in 76 A. L. R. at page 383, published in 1932, the author says: "The weight of authority, however, is to the effect that, in a contest of a will which has theretofore been duly admitted to probate, the burden of proof is on the contestant to establish his grounds of contest. The probate is held to be prima facie evidence of the due attestation, execution, and validity of the will,

372

and the burden is upon the contestants to overthrow the will." The Hayes case is among the cases cited in support of the statement.

The judgment is affirmed.