No. 15,704.

SCOTT ET AL. *v*. LEONARD.
(184 P. [2d] 138)

Decided July 28, 1947.

Mr. HAROLD A. SENTER, Messrs. FOARD BROTHERS, for plaintiffs in error.

Mr. CECIL R. DITSCH, Messrs. IRWIN & O'CONNELL, for defendant in error.

In Department, before: MR. CHIEF JUSTICE BURKE, MR. JUSTICE JACKSON and MR. JUSTICE LUXFORD.

PER CURIAM.

THIS is a will contest. Testator was Clayburn L. Wilson, who left all of his estate to the defendant in error, who was also the proponent of the will. When the will was offered for probate, caveat was filed by plaintiffs in error, heirs at law of decedent. This caveat alleged that the will was not drawn, executed or witnessed in accordance with law, and that the testator was not of sound mind and memory and that the will was procured by the undue influence of defendant in error.

Issue was joined on these matters and the trial court, sitting without a jury, resolved the issues in favor of proponent of the will and directed that it be admitted to probate and record and from this judgment the writ of error is sued out.

Testator was a man advanced in years, a brother-in-law of proponent, and made his home with proponent. Defendant in error had been executor of the estate of the decedent's wife, and there is testimony in the record to the effect that both decedent and his wife, in considering the disposition of their property after both had passed away, had agreed that it should go to defendant in error.

The will in question was executed in the office of the clerk of the district court of Douglas county and he, together with a Mr. Clarke, who happened to be in the office, witnessed the same. Mr. Weston, the clerk, read the

entire will, including attestation clause, over to testator, who declared that it was the way he wanted it.

Whether or not the deceased was possessed of testamentary capacity was a matter of fact to be determined by the trial court, and upon conflicting testimony the court resolved that issue in favor of proponent and determined that Mr. Wilson possessed testamentary capacity at the time the will was executed. The evidence justified the finding.

The same may be said regarding the issue of undue influence. The trial court saw and heard the witnesses and resolved the issue thus presented in favor of the proponent.

Undue influence cannot be inferred alone from motive or opportunity. There must be testimony, direct or circumstantial, showing that undue influence not only existed, but that it was exercised with respect to the making of the will itself. *Allen v. Rentfro,* 102 Colo. 400, 79 P. (2d) 1042.

The only other issue presented by the record relates to the execution of the will, and counsel for plaintiffs in error contend that under the law it is essential that the testimony on the probate of the will should show that the testator personally requested the witnesses to affix their signatures as attesting witnesses.

In *Maikka v. Salo,* 110 Colo. 433, 440, 134 P. (2d) 723, this court said: "Counsel for caveators concede that a testator in declaring a writing to be his last will need not use the very words of the statute prescribed for the attestation of wills; testator's clear indication by word or deed that the instrument is his will being sufficient. *Aquilini v. Chamblin, supra,* settles the law in this jurisdiction. Counsel for caveators also concede that a testator need not personally make the request of a witness to act as such, but that this may be conveyed by a third person if authorized, or his act is ratified. See, 125 A.L.R. 414. That this was the procedure here we think is established by the testimony of Hawkins and Salo."

 'In the case of *Aquilini v. Chamblin,* 94 Colo. 367, 370, 30 P. (2d) 325, this court approved the doctrine announced in *Lenahan v. White,* 79 Colo. 347, 245 Pac. 711, wherein it was held that: "A full attestation clause reciting compliance with all formalities of execution and signed by the witnesses * * * is prima facie evidence of the validity of the will, and that this is so although the witness' memory is faulty or he contradicts the facts stated in the clause."

There is ample evidence in the record to justify the findings of the trial court and its judgment is hereby affirmed.

In this case acknowledgment is made of the gratuitous and valuable service of the Hon. Francis J. Knauss, district judge, as referee under our Rule of June 9, 1947.