The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 6, 2021

## 2021COA63

**No. 19CA2081, *Estate of Everhart* — Probate — Formal Testacy
Proceedings; Civil Procedure — Failure to State A Claim Upon
Which Relief Can be Granted**

In this probate case, certain beneficiaries of Decedent's will
filed a petition objecting to informal probate of the will on the
grounds that Decedent was unduly influenced by the personal
representative and lacked testamentary capacity to make the
will. The trial court dismissed the petition under C.R.C.P. 12(b)(5)
and the objectors appealed, arguing that a petition to commence
formal probate proceedings is not subject to dismissal under Rule
12(b)(5) because section 15-12-403(1), C.R.S. 2020, requires that
the court "fix a time and place of hearing" on such petition.

A division of the court of appeals holds that application of Rule
12(b)(5) to petitions to commence formal probate proceedings does

not conflict with the plain language of the statute, is contemplated by the rules of probate procedure, and advances the purpose of the probate code.  And, because the petition failed to state a plausible claim for relief, the division affirms the judgment.

Court of Appeals No. 19CA2081
Custer County District Court No. 18PR3006
Honorable Ramsey L. Lama, Judge

In re the Estate of Adelaide Mestres Everhart, deceased.

Richard Ennis Everhart, Jr.; and Jack Fall Everhart, Jr.,

Appellants,

v.

Christopher Buchanan Everhart, Personal Representative; and Christopher B. Everhart, Jr.; and Parris Alessandra Everhart,

Appellees.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE HARRIS
Fox and Grove, JJ., concur

Announced May 6, 2021

Dailey Law, P.C., Joel M. Pratt, Colorado Springs, Colorado, for Appellants

Altman, Keilbach, Lytle, Parlapiano & Ware, P.C., John J. Keilbach, Pueblo, Colorado, for Appellee Christopher Buchanan Everhart

Sparks Willson, P.C., Matthew A. Niznik, Colorado Springs, Colorado, for Appellees Christopher B. Everhart, Jr. and Parris Alessandra Everhart

¶ 1     Jack Fall Everhart, Jr., and Richard Ennis Everhart, Jr.,

(Objectors) appeal the district court's dismissal, under C.R.C.P.

12(b)(5), of their petition objecting to informal probate of the will

executed by their sister, Adelaide Mestres Everhart (Decedent).

¶ 2     On appeal, the Objectors contend that a petition to commence

formal probate proceedings cannot be dismissed under Rule 12(b)(5)

because section 15-12-403(1), C.R.S. 2020, requires a hearing on

all such petitions.  And even if such a petition is subject to Rule

12(b)(5), Objectors say, their petition survives the motion to

dismiss.

¶ 3     We conclude that application of Rule 12(b)(5) to petitions filed

under section 15-12-403(1) does not contravene the plain language

of the relevant statutory provision, is contemplated by the rules of

probate procedure, and advances the purpose of the probate code.

We further conclude that Objectors' petition fails to state a

plausible claim for relief.  Accordingly, we affirm.

## I.     Background

¶ 4     Decedent died in August 2018.  She did not have a spouse or

children.  Her will, executed in December 2009, devised her estate

to her three brothers — the Objectors and Christopher Buchanan Everhart — and two nieces and a nephew.

¶ 5    In early 2019, Christopher[1] moved for informal probate of the will and appointment as the personal representative.  The Objectors filed a petition objecting to informal probate and seeking to initiate formal probate proceedings.  They alleged that the will was invalid, asserting that Decedent lacked testamentary capacity and that Christopher had exercised undue influence over her.

¶ 6    Christopher filed an answer to the petition.  But a niece and nephew, also beneficiaries of the will, filed a motion to dismiss the Objectors' petition under C.R.C.P. 12(b)(5).  They argued that the petition's "conclusory allegations fail[ed] to state a plausible claim against the [personal representative] for undue influence or as to a lack of testamentary capacity as required under *Warne v. Hall*, [2016 CO 50,] 373 P.3d 588."

¶ 7    The court granted the motion to dismiss, concluding that the petition "fail[ed] to set forth specific factual allegations regarding the

---

[1] We refer to Christopher Everhart as "Christopher" to avoid any confusion, as he, the Objectors, and the Decedent all share the same last name.

alleged undue influence or lack of testamentary capacity" and instead "relie[d] on conclusory allegations." According to the court, the conclusory allegations were "insufficient to raise a right to relief above a speculative level and provide plausible grounds to infer the alleged undue influence or lack of testamentary capacity."

¶ 8    Objectors filed a motion to reconsider, arguing for the first time that the petition was not subject to dismissal under Rule 12(b)(5) because section 15-12-403(1) required an evidentiary hearing on the allegations in the petition. The district court denied the motion.

II.    Order Dismissing the Petition Under C.R.C.P. 12(b)(5)

¶ 9    Objectors contend, first, that the court erred by applying Rule 12(b)(5) to a petition objecting to informal probate and, second, that even if Rule 12(b)(5) applies, the court erred by concluding that the petition failed to state a plausible claim for relief.

A.    Application of Rule 12(b)(5) to Petitions for Formal Probate

¶ 10    Objectors say that dismissal of the petition under Rule 12(b)(5) contravenes the language of section 15-12-403(1) and is inconsistent with the probate code's scheme and purpose. We are not persuaded.

## 1.  Standard of Review

¶ 11    "We review the interpretation of statutes and rules of civil procedure de novo."  *Nesbitt v. Scott*, 2019 COA 154, ¶ 19.  "When interpreting a statute, our task is to give effect to the legislature's intent."  *In re Estate of Morgan*, 160 P.3d 356, 358 (Colo. App. 2007).  And "we interpret the statute in a way that best effectuates the purpose of the legislative scheme."  *Id.*

## 2.  Discussion

¶ 12    A formal probate proceeding "is litigation to determine whether a decedent left a valid will."  § 15-12-401(1), C.R.S. 2020.  A formal proceeding is commenced by

> an interested person filing [1] a petition as described in section 15-12-402(1) in which he requests that the court, after notice and hearing, enter an order probating a will, or [2] a petition to set aside an informal probate of a will or to prevent informal probate of a will which is the subject of a pending application, or [3] a petition in accordance with section 15-12-402(4) for an order that the decedent died intestate.

*Id.*  And, "[u]pon commencement of a formal testacy proceeding, the court shall fix a time and place of hearing."  § 15-12-403(1)(a).

4

¶ 13    Objectors argue that a petition to commence formal testacy proceedings is not subject to dismissal under Rule 12(b)(5) because the statute requires the court to "fix a time and place of hearing" on every petition.  For several reasons, we reject that interpretation of the statute and instead conclude that petitions contesting a will are subject to dismissal under Rule 12(b)(5).

¶ 14    First, the language of section 15-12-403 does not address whether a petition filed under section 15-12-401 may be dismissed without a hearing.  As Objectors acknowledge, the probate code says that the rules of civil procedure apply to formal probate proceedings, unless specifically provided otherwise or unless inconsistent with a statutory provision.  *See* § 15-10-304, C.R.S. 2020; *see also* C.R.P.P. 5(b) ("If no procedure is specifically prescribed by rule or statute, the court . . . must look to the Colorado Rules of Civil Procedure . . . .").

¶ 15    The purpose of a Rule 12(b)(5) motion is to test the sufficiency of the pleading's allegations and to "'permit *early* dismissal' of meritless claims."  *BSLNI, Inc. v. Russ T. Diamonds, Inc.*, 2012 COA 214, ¶ 12 (quoting *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 915 (Colo. 1996)).  The petition to commence formal probate proceedings

is a "pleading" under the probate code. *See* § 15-12-404, C.R.S. 2020 ("Any party to a formal proceeding who opposes the probate of a will for any reason shall state in his pleadings his objections to probate of the will.").

¶ 16　　In our view, if the legislature had intended to preclude motions to dismiss in formal probate proceedings, and to thereby allow even facially meritless claims to proceed through discovery to an evidentiary hearing or trial — a substantial deviation from the general rule — it would have said so. *Cf. Vaughan v. McMinn*, 945 P.2d 404, 408 (Colo. 1997) (statutes are not presumed to alter common law remedies unless the act expressly provides for alteration).

¶ 17　　It is not enough to say, as the Objectors do, that the statute requires a hearing and so dismissal under Rule 12(b)(5) is precluded. Civil litigants have a general right to a jury trial, *see* C.R.C.P. 38, but that general right does not prohibit a court from dismissing a complaint under Rule 12(b)(5) in appropriate circumstances. Thus, the mere fact that the statute directs the court to "fix a time and place of hearing" on a petition to commence formal probate proceedings does not mean that, in every case, a

party is entitled to discovery and an evidentiary hearing.  *See Coyle v. State*, 2021 COA 54, ¶ 21 (explaining that because the rules of civil procedure apply to the Exoneration Act, a petition filed under the Act is subject to dismissal under Rule 12(b)(5) notwithstanding the petitioner's right to a jury trial on a contested petition).

¶ 18    Second, the probate rules specifically contemplate dispositive motions practice.  C.R.P.P. 24, which allows matters to be set for a hearing without appearance, explains that "[m]otions for summary judgment and motions to dismiss are not appropriate for placement on a docket for hearing without appearance," and advises that "these motions should be filed using the procedure set forth in C.R.C.P. 121 § 1-15."  C.R.P.P. 24 cmt. 2.  Indeed, Objectors concede that a court could dismiss a petition under C.R.C.P. 12(b) for lack of standing or other jurisdictional defect and could enter summary judgment under C.R.C.P. 56 without holding a hearing. We cannot think of a principled reason why Rule 56 would apply fully in this context, but Rule 12 would not.

¶ 19    Third, allowing dismissal of a facially insufficient pleading advances the purpose of the probate code.  Among other goals, the code seeks to "promote a speedy and efficient system for settling the

estate of the decedent and making distribution to [her] successors."
§ 15-10-102(2)(c), C.R.S. 2020; *see Scott v. Scott,* 136 P.3d 892, 897 (Colo. 2006) (in determining whether a rule of civil procedure applies to a provision of the probate code, we "look first to the underlying purposes and policies of the probate code"). Applying Rule 12(b)(5) promotes these goals by weeding out petitions that fail to state a plausible claim for relief and protecting parties from frivolous litigation. *See Warne,* ¶ 19 ("[W]e have . . . identified a growing need, and effort in our rules, to expedite the litigation process and avoid unnecessary expense, especially with respect to discovery.").

¶ 20 Objectors have not pointed us to any case holding that objections to a will — even facially insufficient objections — are not subject to dismissal under Rule 12(b)(5). The only case we have found that addresses this issue says the opposite. In *Hendrix v. Tantemsapya,* 817 S.E.2d 31 (N.C. Ct. App. 2018), two beneficiaries objected to the decedent's will, alleging that the decedent had executed a codicil to the will in which she had revoked or modified certain provisions. The trial court dismissed the objection under North Carolina's version of our Rule 12(b)(5). *Id.* at 32-33. Like the

Objectors here, the beneficiaries argued that their objection was not subject to dismissal under Rule 12 because the statute required objections to be tried by a jury. The court of appeals reasoned that notwithstanding the requirement of a jury trial, "the Rules of Civil Procedure still apply to [probate] proceedings," and noted that summary judgment could be entered in appropriate cases. Therefore, the court concluded, "Rule 12(b)([5]) applies to [contested will] proceedings just as it does to other civil proceedings." *Id.* at 33.

¶ 21    Objectors' reliance on *In re Interest of Howard*, 2020 COA 32, is misplaced. There, a division of this court concluded that section 15-10-503(2), C.R.S. 2020, required the district court to hold a hearing on husband's petition to remove his wife's guardian. The division's cogent reasoning does not compel the same result here, though.

¶ 22    For one thing, the *Howard* division construed a different statute that expressly requires a hearing before entry of orders. *Howard*, ¶ 13 ("Upon petition by [an interested person] . . . and after a hearing for which notice to the [guardian] has been provided . . . a court may order any one or more of the following . . . (c)

Additional restrictions on the powers of the [guardian] . . . (h) The removal of the [guardian]." (quoting § 15-10-503(2))).

¶ 23     But more importantly, the division did not address whether, notwithstanding the statutory language, dismissal of a petition under Rule 12(b)(5) is permissible.  No party moved to dismiss husband's petition based on the insufficiency of the allegations, and the division's analysis indicates that husband's petition was facially sufficient.

¶ 24     Finally, our conclusion comports with our duty to avoid a statutory interpretation that leads to an absurd result.  *See Roberts v. Bruce*, 2018 CO 58, ¶ 9.  We decline to adopt a construction of section 15-12-403 that would require the trial court to hold an evidentiary hearing when the petition's factual allegations, even if proved at the hearing, would not lead to invalidation of the will.  *See Coyle*, ¶ 22.

¶ 25     We are not persuaded by the Objectors' theory that facially meritless claims are tolerated in probate court "because [probate cases] arise in the context of complex family relationships."  Probate cases, of course, are not the only civil cases involving familial conflicts.  We have not recognized any limitation, in other cases

arising from family disputes, on the use of the rules of civil procedure to dispose of claims before trial. *See, e.g.*, *Polk v. Hergert Land & Cattle Co.*, 5 P.3d 402, 404 (Colo. App. 2000) (applying C.R.C.P. 56 to dispute concerning family-owned, closely held corporation).

¶ 26    We likewise reject the Objectors' argument that early dismissal of claims under Rule 12(b)(5) is inappropriate in probate cases, because family members have less access than other civil litigants to the information necessary to state a claim in the first instance. Objectors provide no authority for this proposition either, and the applicable rules are to the contrary.

¶ 27    The civil procedure rules anticipate that a party may lack access to evidence necessary to forestall dismissal of claims. Under C.R.C.P. 56(f), the court may decline to rule on a motion for summary judgment and allow the nonmoving party to conduct discovery. *See Bailey v. Airgas-Intermountain, Inc.*, 250 P.3d 746, 751 (Colo. App. 2010). But there is no analogue to Rule 56(f) under Rule 12. That is because a party is not entitled to use discovery as a means to formulate a claim. We therefore disagree that Objectors

had some right to conduct discovery in support of their claims with which a motion to dismiss could not interfere.

¶ 28    Accordingly, we conclude that a petition objecting to informal probate and commencing formal probate proceedings is subject to dismissal under Rule 12(b)(5).

B.    Application of the Rule 12(b)(5) Standard to Objectors' Petition

¶ 29    Alternatively, Objectors argue that even if Rule 12(b)(5) applies, the court erred by dismissing their petition.  Objectors say that their petition satisfies the plausibility standard and, even if it does not, the court should have granted leave to amend.

1.    Standard of Review

¶ 30    We review de novo a trial court's order dismissing claims under Rule 12(b)(5).  *Scott v. Scott*, 2018 COA 25, ¶ 17.  We accept all factual allegations contained in the complaint as true and view them in the light most favorable to the plaintiff.  *Id.*

2.    The Petition's Claims

¶ 31    "[T]o survive a motion to dismiss for failure to state a claim, a plaintiff must allege a plausible claim for relief."  *N.M. v. Trujillo*, 2017 CO 79, ¶ 20; *see also Warne*, ¶ 24 (adopting federal pleading standard from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and

12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  A claim has facial plausibility when its factual allegations "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, by allowing a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678.

### a.    Undue Influence

¶ 32    Objectors contend that the petition stated a plausible claim of undue influence based on Christopher's fiduciary relationship with the Decedent at the time the will was executed.

¶ 33    Undue influence means words or conduct, or both, which, at the time of the making of a will, (1) deprived the testator of her free choice and (2) caused the testator to make at least part of the will differently than she otherwise would have.  *See* CJI-Civ. 34:14 (2021).

¶ 34    Objectors alleged that

- Decedent "relied heavily upon Christopher for direction in making financial and other decisions";

- Christopher "was in a fiduciary relationship" with Decedent "as trustee for the Irrevocable Trust and because of his

oversight of funds that provided assistance when she was unable to provide for herself";

- "[d]uring the time period" when Decedent executed the December 2009 will, she was "reliant upon Christopher"; and

- Decedent "had also been residing in Florida with or near [Christopher] in the time period prior to the execution of the December 2009 Will."

¶ 35 The district court first determined there was no presumption of undue influence because, as filed, the petition alleged that Christopher's fiduciary relationship with Decedent began in 2011, two years after Decedent had executed her will.[2] But the court also determined that even if Christopher's fiduciary relationship with Decedent preceded execution of the will, Objectors had nonetheless failed to allege sufficient facts to show undue influence.

---

[2] This conclusion was based on a factually incorrect statement made by Objectors in their petition. Objectors corrected this statement in their motion to reconsider, alleging instead that "a direct fiduciary relationship was established between Christopher Everhart and the deceased from the date of execution of the Irrevocable Trust in 1993."

¶ 36    A personal representative's role as a fiduciary does not alone create a presumption of undue influence. "Absent evidence that a beneficiary was actively concerned with the preparation and execution of the will, he or she will not be presumed to have exercised undue influence over the testator." *In re Estate of Romero*, 126 P.3d 228, 233 (Colo. App. 2005); *see also* CJI-Civ. 34:17 (2021) (providing that a presumption of undue influence may be drawn if the person claimed to have been in a fiduciary relationship was (1) a beneficiary under the will; (2) in a fiduciary relationship with the testator at the time she executed the will; *and* (3) actively involved with the preparation or signing of the will).

¶ 37    Here, Objectors did not allege that Christopher was actively involved with the preparation or execution of Decedent's will. Rather, they alleged only that Decedent "relied on" Christopher in making certain unidentified decisions. *See Scott v. Leonard*, 117 Colo. 54, 56, 184 P.2d 138, 139 (1947) ("Undue influence can not be inferred alone from motive or opportunity."). And Objectors failed to include *any* allegation that Christopher overbore Decedent's free will or deprived her of her free choice.

### b. Testamentary Capacity

¶ 38   Objectors also summarily challenge dismissal of their claim that Decedent lacked testamentary capacity.

¶ 39   A person lacks testamentary capacity if she does not understand (1) the nature of her act; (2) the extent of her property; (3) the proposed testamentary disposition; (4) the natural objects of her bounty; and (5) that the will represents her wishes. *Cunningham v. Stender*, 127 Colo. 293, 301, 255 P.2d 977, 981-82 (1953).

¶ 40   Objectors alleged that

- "[t]hroughout her life, [Decedent] engaged in self-destructive actions including abuse of controlled substances and excessive drinking";

- Decedent "changed the distribution of her estate . . . to a distribution that negated the long-standing family practice regarding generational distribution of real property";

- the December 2009 will fails to include some of Decedent's nieces and nephews, and because Decedent "had long-standing relationships with her nieces and nephews," it "is unlikely that she would have forgotten them unless she was

16

unable to recall them due to the impediment on her recollection due to her addictions and the impact of them on her cognitive abilities"; and

- "[t]he progression of estate planning documents clearly indicates that [Decedent] did not fully comprehend the assets she owned and the disposition of those assets at the time she executed the December 2009 Will."

¶ 41     These allegations are insufficient to show that Decedent lacked capacity to make a will.  The claim depends on an inference that Decedent's decision not to follow "long-standing family practice" must be attributable to a lack of testamentary capacity due to an addiction.

¶ 42     Without additional allegations, however, the inference amounts to speculation.  Objectors did not allege, for example, that Decedent was suffering from an addiction at the time she drafted or executed her will.  *See In re Estate of Scott*, 119 P.3d 511, 516 (Colo. App. 2004) (A will is invalid only if the testator lacked testamentary capacity "at the time of the will's execution."), *aff'd sub nom. Scott v. Scott*, 136 P.3d 892 (Colo. 2006).  Nor did they allege any specific reason to believe that the failure to follow "long-standing family

17

practice" was due to a lack of testamentary capacity. A testator has a fundamental right to "dispose of h[er] property as [s]he pleases." *Breeden v. Stone*, 992 P.2d 1167, 1170 (Colo. 2000) (quoting *Lehman v. Lindenmeyer*, 48 Colo. 305, 313, 109 P. 956, 959 (1909)). Indeed, she "may indulge h[er] prejudice against h[er] relations . . . and . . . if [s]he does so, it is no objection to h[er] will." *Id.* (quoting *Lehman*, 48 Colo. at 313, 109 P.2d at 959). As the district court noted, the challenged provisions of Decedent's will are just as consistent with cogent and purposeful choices as they are with incapacity. *See Twombly*, 550 U.S. at 566-67 (stating that when allegations are equally consistent with proper and lawful conduct as with improper conduct, the complaint cannot meet the plausibility requirement).

¶ 43    Because Objectors' allegations support only a sheer possibility that Decedent's decision to deviate from "long-standing family practice" was the result of a lack of testamentary capacity, the allegations do not "raise a right to relief above [a] speculative level," *id.* at 555, and Objectors' claim did not satisfy the *Warne* plausibility standard.

18

### 3.    Amendment of the Petition

¶ 44    Alternatively, Objectors argue that the court should have permitted them to amend their petition.  But Objectors never filed an amended petition, sought leave to amend their original petition, or argued in their motion for reconsideration that they had a right to amend the petition.  Thus, they waived the issue for appeal.  *See Patterson v. James*, 2018 COA 173, ¶¶ 8-9, 11-12.

### C.    Appellate Attorney Fees

¶ 45    Finally, Christopher argues that the estate is entitled to appellate attorney fees because Objectors' appeal is frivolous.  *See* § 13-17-102(4), C.R.S. 2020.  An appeal is frivolous as filed[3] if the judgment by the court below "was so plainly correct and the legal authority contrary to appellant's position so clear that there is really no appealable issue." *Averyt v. Wal-Mart Stores, Inc.*, 2013 COA 10, ¶ 40 (quoting *Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006)).  Because there was some basis for

---

[3] An appeal can also be frivolous as argued.  *See Martin v. Essrig*, 277 P.3d 857, 862 (Colo. App. 2011) (an appeal is frivolous as argued where the appellant commits misconduct in arguing the appeal).  Christopher does not contend that Objectors' appeal was frivolous as argued.

19

Objectors' argument and the precise issue on appeal has not previously been addressed, we will not award appellate attorney fees even though Objectors' argument was unsuccessful. *See id.* at ¶ 43.

## III. Conclusion

¶ 46 The judgment is affirmed.

JUDGE FOX and JUDGE GROVE concur.