23CA2057 Estate of Platts 06-26-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2057
Boulder County District Court No. 22PR30614
Honorable Robert R. Gunning, Judge

In re the Estate of Johanna Eleanore Platts, deceased.

Nicole Estenfelder, individually and on behalf of her minor child, N.C.,

Appellant,

v.

Debbie A. Platts and William H. Platts,

Appellees.

ORDER AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Gomez and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 26, 2025

The Overton Law Firm, Thomas J. Overton, Steven R. Schumacher, Golden, Colorado, for Appellant

Lathrop GPM LLP, Thomas A. Rodriguez, Casey C. Breese, Denver, Colorado; Lathrop GPM LLP, Richard Landon, Minneapolis, Minnesota, for Appellee Debbie A. Platts

Illumine Legal LLC, Devin C. Daines, W. Douglas Hoak, Denver, Colorado, for Appellee William H. Platts

¶ 1    In this probate case, appellant Nicole Estenfelder,[1] individually and on behalf of her minor son, N.C., appeals the district court's order dismissing her amended objection to the formal probate of the November 18, 2021, will of Johanna "Hansi" Eleanore Platts[2] (the 2021 will) and amended petition for formal probate of a destroyed holographic will.  We affirm the district court's dismissal of the amended petition.

## I.    Background

¶ 2    Hansi died on October 7, 2022.  Hansi's two children, Debbie A. Platts and William "Bill" H. Platts, survived her.  In the 2021 will, Hansi designated Debbie as her personal representative and devised her entire estate to Debbie and Bill.  On November 18, 2022, the court entered an order for informal probate of the 2021 will and appointed Debbie as the personal representative.

¶ 3    Shortly thereafter, Nicole, Hansi's niece, filed a petition objecting to the informal probate of the 2021 will and petitioning for

---

[1] Nicole shares the same last name as her father, Lothar, a nonparty in the proceeding.  As such, we refer to them by their first names and mean no disrespect in doing so.
[2] Hansi shares the same last name as her children, appellees Debbie A. Platts and William "Bill" H. Platts.  As such, we refer to them by their first names and mean no disrespect in doing so.

formal probate of a holographic will. Nicole alleged that the 2021 will was revoked by a holographic will, executed on September 23 or 24, 2022, that named her and N.C. as Hansi's sole heirs, and that Debbie had destroyed the holographic will. To support this claim, Nicole provided an affidavit from her father, Lothar Estenfelder, who was Hansi's brother. The affidavit stated the following:

- Lothar and Hansi periodically discussed changes she had made to her will.

- In May 2022, Hansi told Lothar that she wanted her entire estate to go to Nicole and N.C. instead of her children.

- In August 2022, Hansi ask Lothar to help her change her will to ensure that her estate passed to Nicole and N.C. Lothar refused but suggested that Hansi contact the attorney who assisted her with the 2021 will. However, that attorney had retired and Hansi said she did not feel comfortable working with an attorney she did not know.

- On September 17, 2022, Nicole, N.C., and Lothar visited Hansi. Hansi repeated that she wanted her entire estate to pass to Nicole and N.C. Lothar told Hansi that

2

Colorado recognized holographic wills, explaining that holographic wills are handwritten and "identical" to Lothar and Hansi's mother's will. Hansi was visibly excited by the idea.

- On September 23, 2022, one of Hansi's caregivers said that Hansi got up in the middle of the night to work on documents. In an email to Lothar, Debbie said that Hansi was probably working on her will.

- On October 31, 2022, at 5:28 a.m., Lothar missed a call from Debbie. When Lothar called Debbie back, she was crying. Debbie said that she found a holographic will in Hansi's handwriting that disinherited her and Bill and replaced them with Nicole and N.C. as heirs. Later, Debbie told Lothar that she destroyed the holographic will.

¶ 4    Nicole asked the court to admit the holographic will to probate and to find that (1) the holographic will was destroyed by Debbie; (2) Nicole and N.C. were the sole heirs of Hansi's estate; and (3) the 2021 will was revoked by the holographic will.

¶ 5    Debbie and Bill filed a joint motion to dismiss Nicole's petition. They argued that Nicole lacked standing to bring the action under C.R.C.P. 12(b)(1) and that she failed to plead a plausible claim to satisfy the statutorily required criteria to probate a lost holographic will under C.R.C.P. 12(b)(5). They further argued that Nicole's petition required the court to rely on un-pleaded inferences to admit a lost holographic will. They requested attorney fees and that the petition be dismissed with prejudice.

¶ 6    The district court granted the motion to dismiss without prejudice. It rejected Debbie and Bill's standing argument and found that Nicole was an interested person and had standing to file the petition, a ruling not challenged here. Nevertheless, the court concluded that the petition failed to allege facts that satisfied the requirements to probate a lost holographic will. *See* § 15-11-502(2), C.R.S. 2024; § 15-12-402(3), C.R.S. 2024. The district court concluded that the petition contained no assertions that

- anyone witnessed Hansi execute or sign the will;
- the holographic will included Hansi's signature;
- Nicole or Lothar saw the holographic will or had any knowledge of its contents; and

4

- the holographic will described Hansi's property or how the estate would be divided between Nicole and N.C.

¶7 In dismissing the petition without prejudice, the court noted that if Nicole sought to replead her claim, her renewed petition "would need to include allegations regarding [Hansi's] signature, information regarding the conten[t]s including the alleged property distribution, and the identification of the individuals who would prove the contents of the will." The court also denied Debbie and Bill's request for attorney fees.

¶8 Debbie then filed a new petition for formal probate of the 2021 will and to be appointed as personal representative. Thereafter, Nicole filed an amended objection to formal probate of the 2021 will and an amended petition for formal probate of the holographic will. Lothar provided an amended affidavit containing new factual assertions, including the following:

- Hansi's relationship with her children was contentious. Hansi was fond of Nicole and N.C.

- Hansi's mother executed a holographic will. Therefore, Hansi understood that a holographic will must be handwritten, signed, and dated.

- On September 23, 2022, Hansi told Lothar that she wrote the new will. Hansi said that she changed the will and told Lothar where he could find it. According to Lothar, Hansi did not change her will again.

- Since Hansi's death, Lothar attempted to speak to Hansi's former caregivers. They refused, saying that they were instructed not to talk to him by the "person who has power of attorney over her estate." Lothar assumed this person was Debbie.

¶ 9 Nicole argued that Debbie was not exercising her powers as personal representative in a "neutral fashion and in the best interests of all intended beneficiaries and interested persons." *In re Estate of Treviño*, 2020 COA 125, ¶ 28. Therefore, Nicole requested the opportunity to conduct discovery, including examining Debbie under oath.

¶ 10 Debbie and Bill filed a joint motion to dismiss in which they argued that despite Lothar's amended affidavit, the amended petition still failed to state a claim upon which relief could be granted under C.R.C.P. 12(b)(5). They argued that the amended petition did not meet the *Warne* plausibility standard because it

failed to allege facts sufficient to satisfy the criteria of sections 15-11-502(2) and 15-12-402(3). *See Warne v. Hall*, 2016 CO 50, ¶ 1.

¶ 11   The district court granted the motion to dismiss the amended petition. The court concluded that despite the new factual allegations, the amended petition failed to allege facts that satisfied the criteria of sections 15-11-502(2) and 15-12-402(3), including that

- Hansi signed the holographic will;

- anyone witnessed Hansi signing the holographic will;

- Nicole or Lothar ever saw the holographic will; and

- anyone had personal knowledge of the material terms of the holographic will, including how the estate would be distributed between Nicole and N.C.

¶ 12   Further, the district court concluded that the amended petition did not allege facts that could support a reasonable inference that Hansi signed the holographic will. The court stated:

> In an attempt to cure this fatal deficiency, the Amended Affidavit states that Hansi was "very familiar with holographic wills" and was "aware of the importance of such a will being handwritten, signed, and dated" because her

7

mother had a practice of making estate planning changes though holographic wills. Amended Affidavit, ¶ 5. From these statements, [Nicole and N.C.] seek an inference that the alleged holographic will was in fact signed. Inferences must be reasonable, however, and here there are no facts to suggest that any of Hansi's mother's alleged holographic wills were in fact signed, whether the jurisdiction in which she resided required a signature to be valid, or whether Hansi or Lothar had any personal knowledge that their mother's alleged wills actually bore her signature.

¶ 13 Finally, the court concluded that discovery was not warranted because a party may not use discovery as a means to formulate a claim. *See In re Estate of Everhart*, 2021 COA 63, ¶ 27. The district court then dismissed Nicole's amended petition with prejudice.

¶ 14 On appeal, Nicole contends that the district court failed to properly apply the plausibility standard and erroneously dismissed her amended petition. We disagree.

## II. Motion to Dismiss under C.R.C.P. 12(b)(5)

¶ 15 Nicole contends that the district court erroneously dismissed her amended petition under C.R.C.P. 12(b)(5). We disagree.

8

## A. Standard of Review

¶ 16 We review de novo a district court's decision to dismiss a complaint for failure to state a claim under C.R.C.P. 12(b)(5). *Jagged Peak Energy Inc. v. Okla. Police Pension & Ret. Sys.*, 2022 CO 54, ¶ 24. "Applying the same standard as the district court, we accept all factual allegations in the complaint as true and view them in the light most favorable to the non-moving party." *Id.* Dismissing a claim under C.R.C.P. 12(b)(5) is proper "only when the facts alleged in the complaint cannot, as a matter of law, support the claim for relief." *Id.* (quoting *N.M. v. Trujillo*, 2017 CO 79, ¶ 18).

¶ 17 In *Warne*, our supreme court adopted a "plausibility" standard for assessing C.R.C.P. 12(b)(5) motions. Under this standard, a claim is subject to dismissal unless "the factual allegations . . . [are] enough to raise a right to relief 'above the speculative level.'" *Walker v. Women's Pro. Rodeo Ass'n*, 2021 COA 105M, ¶ 37 (quoting *Warne*, ¶ 9). Therefore, a complaint must "allege sufficient facts that, if taken as true, show plausible grounds to support a claim for relief." *Jagged Peak*, ¶ 25.

¶ 18 "In determining the plausibility of a claim, we look to the elements of the particular cause of action, keeping in mind that the

9

[plausibility] standard doesn't require a plaintiff to 'set forth a prima facie case for each element.'" *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192-93 (10th Cir. 2012)).  The plausibility standard requires that the complaint "contain either direct or inferential allegations respecting all the material elements [of the particular cause of action] necessary to sustain a recovery under some viable legal theory." *Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 51 (quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Alleged facts that are "merely consistent with" a particular theory "stop[] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

## B.    Applicable Law

¶ 19    Section 15-11-502(1) establishes three requirements for a will: (1) it must be in writing; (2) it must bear the testator's signature or be signed in the testator's name in the testator's conscious presence and by the testator's direction; and (3) it must either bear the signatures of at least two persons who witnessed either the testator's signature or the testator's acknowledgment of the

signature, or be acknowledged by the testator before a notary public.

¶ 20    A will that does not comply with these requirements is valid as a holographic will, whether or not witnessed, if the signature and material portions of the document are in the testator's handwriting. § 15-11-502(2).

¶ 21    Further, a court may admit a lost or destroyed will if it meets the requirements of section 15-12-402(3):

> If a will has been lost or destroyed, or for any other reason is unavailable, and the fact of the execution thereof is established, as herein provided, and the contents thereof are likewise established to the satisfaction of the court, and the court is satisfied that the will has not been revoked by the testator, the court may admit the same to probate and record, as in other cases.  In every such case the order admitting such will to probate shall set forth the contents of the will at length, and the names of the witnesses by whom the same was proved, and such order shall be recorded in the record of wills.

## C.    Analysis

¶ 22    While we recognize that the plausibility standard did not require Nicole to "set forth a prima facie case for each element," she was still required to plead enough factual allegations to plausibly

11

support the basic elements of her claim. *Adams Cnty. Hous. Auth.*, ¶ 51 (quoting *George,* 833 F.3d at 1247). And based on our review of the record, we conclude that the district court properly applied the plausibility standard in dismissing the amended petition, for two reasons.

¶ 23 First, nothing in the amended petition sufficiently alleges that Hansi signed the holographic will, a requirement of section 15-11-502(2). We are not persuaded otherwise by Nicole's argument that we should infer that Hansi signed the holographic will because she was familiar with the requirements due to her mother's use of holographic wills in estate planning. As noted by the district court, "there are no facts to suggest that any of Hansi's mother's alleged holographic wills were in fact signed, whether the jurisdiction in which she resided required a signature to be valid, or whether Hansi or Lothar had any personal knowledge that their mother's alleged wills actually bore her signature." Therefore, we find this proposed inference speculative. *See Warne,* ¶¶ 9, 24 (to survive a motion to dismiss for failure to state a claim, a complaint's allegations must raise a right to relief above the speculative level).

¶ 24    Nor are we convinced that we can infer Hansi's signature from the fact that she put the holographic will away for safekeeping. Wills are often stored in a manner for safekeeping, and nothing further is alleged that connects this particular behavior to Hansi actually signing the will. Thus, we find this proposed inference speculative. *See id.*

¶ 25    Likewise, we are not persuaded that Debbie's alleged reaction to discovering the holographic will could satisfy the signature requirement. Debbie never told Lothar that she saw Hansi's signature, and the amended petition did not allege any facts to suggest that Debbie was familiar with the signature requirement. Alleged facts that are "merely consistent with" a particular theory "stop[] short of the line between possibility and plausibility." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

¶ 26    Second, the amended petition fails to provide any factual allegations from which the court could determine the contents of the will at length, as required by section 15-12-402(3). We reject Nicole's hypothetical argument that even if the holographic will said, "I want everything I have to go to Nicole Estenfelder and [N.C.]," this would be sufficient to establish its contents. As noted

by the district court, "Neither [Nicole], nor Lothar, have alleged that they saw the will, and therefore, [they] have no personal knowledge of its purported contents."

¶ 27 For the same reasons, we reject Nicole's argument that the court could infer the contents from Debbie's destruction of the will. Relying on *Breeden v. Stone*, 992 P.2d 1167 (Colo. 2000), Nicole contends that the court erroneously required a "certain level of specificity" in determining the effectiveness of the holographic will. But *Breeden* did not involve a lost or destroyed will, nor were the contents of a holographic will in dispute. Therefore, Nicole's reliance on *Breeden* is misplaced.

¶ 28 Likewise, we reject Nicole's argument that her allegations, supported by Lothar's affidavit, met the pleading requirements of C.R.C.P. 8 and that if more is required, the solution is to allow discovery and set a hearing. We disagree because allowing dismissal of a facially insufficient pleading advances the purpose of the probate code, including the promotion of a speedy and efficient system for settling the estate of the decedent. *Everhart*, ¶ 19. "Applying Rule 12(b)(5) promotes these goals by weeding out petitions that fail to state a plausible claim for relief and protecting

parties from frivolous litigation." *Id.*; *see also Warne*, ¶ 19 ("[W]e have . . . identified a growing need, and effort in our rules, to expedite the litigation process and avoid unnecessary expense, especially with respect to discovery.").

¶ 29 Accordingly, we affirm the district court's dismissal of Nicole's claim under C.R.C.P. 12(b)(5).

## III. Disposition

¶ 30 The order is affirmed.

JUDGE GOMEZ and JUDGE MEIRINK concur.